JASON CHAFFETZ, UTAH
CHAIRMAN

ONE HUNDRED FOURTEENTH CONGRESS

ELIJAH E. CUMMINGS, MARYLAND
RANKING MINORITY MEMBER

# Congress of the United States
## House of Representatives

COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM

2157 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6143

MAJORITY   (202) 225–5074
MINORITY   (202) 225–5051

http://oversight.house.gov

January 22, 2016

Mr. Baruch Weiss
Arnold & Porter LLP
601 Massachusetts Avenue NW
Washington, D.C. 20001

Dear Mr. Weiss:

Today, you indicated in a letter to the Committee that your client Martin Shkreli may not appear at a Committee hearing on January 26, 2016—despite a subpoena that compels him to do so—and requested that he be excused. Your letter cited Mr. Shkreli's intention to assert his Fifth Amendment privilege and his bond agreement as the bases for your request. In a separate conversation with Committee staff, you also requested that the hearing be postponed in light of the uncertain status of your attorney-client relationship with Mr. Shkreli. For reasons that are explained in greater detail below, the Committee rejects the notion that Mr. Shkreli is unable to comply with the subpoena, and will move to enforce the subpoena pursuant to 2 U.S.C. §§ 192 and 194 in the event that he fails to do so.

With respect to Mr. Shkreli's bond agreement, the judicial branch routinely amends travel restrictions for individuals under indictment who have been compelled to appear before Congress, as Mr. Shkreli has. For example, on the morning of June 13, 2002, the FBI arrested former ImClone Systems Inc. chief executive Samuel Waksal in Manhattan on conspiracy and fraud charges.[1] By that afternoon, Mr. Waksal found himself in a situation nearly identical to Mr. Shkreli's—released on $10 million bond pursuant to an agreement that restricted his travel to the New York area.[2] That evening, a judge approved a request from Mr. Waksal's attorneys to allow him to travel to Washington to appear at a hearing before the House Committee on Energy and Commerce.[3] Mr. Waksal appeared at the hearing (the very next day) and asserted his Fifth Amendment privilege.[4]

In contrast to the urgency with which Mr. Waksal's attorneys secured an amendment to their client's travel restriction, you appear to have taken no such action. The Committee issued a

---

[1] Ben White, *Former ImClone CEO Charged*, WASH. POST, June 13, 2002.
[2] *Id.*
[3] *Id.*
[4] Andrew Pollack, *Ex-chief of ImClone Refuses to Testify To Congress About Testing of Drug*, N.Y. TIMES, June 14, 2002.

Mr. Baruch Weiss
January 22, 2016
Page 2

subpoena to Mr. Shkreli on January 12, 2016. Aside from accepting the subpoena on Mr. Shkreli's behalf, it remains unclear what steps you or others have taken to inform the judge in Mr. Shkreli's criminal case about the Committee's subpoena or to seek leave from the court to allow Mr. Shkreli to travel to Washington to appear before the Committee on January 26, 2016, as the subpoena requires.

You claim, correctly, that "it was only two days ago, on January 20, that the Committee issued a letter to Mr. Shkreli formally advising him that, despite his assertion of his rights under the Fifth Amendment, the Committee would still require him to appear."[5] This ignores the fact that you were advised more than one week ago that the Committee routinely requires witnesses to assert their Fifth Amendment rights in person. It also begs the question: what have you done since receiving the letter on January 20 to ensure that Mr. Shkreli does not violate his bond agreement when he travels to Washington for next week's hearing?

With respect to the uncertain status of your agreement to represent Mr. Shkreli, I am unable to accommodate your request to postpone the hearing until that matter is resolved. Mr. Shkreli is one of several witnesses who have been invited to appear. In light of this fact, and because postponing the hearing may encourage future witnesses to utilize similar tactics to delay the Committee's work, the hearing will proceed as scheduled at 2:00 p.m. on January 26, 2016.

Please contact the Committee staff at (202) 225-5074 with any additional questions.

Sincerely,

Jason Chaffetz
Chairman

cc:   The Honorable Elijah E. Cummings, Ranking Member

---

[5] Letter from Baruch Weiss to Hon. Jason Chaffetz, Chairman, and Hon. Elijah E. Cummings, Ranking Member, H. Comm. on Oversight and Gov't Reform (Jan. 22, 2016) at 6.