**Draft Jury Instructions**
**July 26, 2017 Court Ex. 2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
                                   :
UNITED STATES OF AMERICA,          :
                                   :
          -against-                :
                                   :   15-CR-637 (KAM)
Martin Shkreli,                    :
                                   :
                 *Defendant.*      :
                                   :
----------------------------------x


**JURY INSTRUCTIONS**

# **TABLE OF CONTENTS**

INTRODUCTION.................................................... 1

I. GENERAL RULES OF LAW ........................................ 2

1. Role of the Court ........................................2

2. Role of the Jury.........................................3

3. Conduct of Counsel......................................7

4. Presumption of Innocence and Burden of Proof...........8

5. Reasonable Doubt.....................................10 9

6. Forms of Evidence.....................................11

   A. What Is Evidence:..................................11

   B. What Is Not Evidence:.............................13

7. Direct and Circumstantial Evidence:...................14

8. Inferences............................................16

9. Admission of Defendant................................17

10. Defendant's Right Not to Testify.....................18

11. Credibility of Witnesses.............................18

12. Number of Witnesses..................................22

13. Testimony of Government Employees/Law Enforcement Witnesses 23

14. Prior Inconsistent Statements........................23

15. Preparation for Testimony............................25

16. No Duty to Call Witnesses or Produce Evidence or Use Particular Investigative Techniques.....................25

17. Informal Agreements..................................26

18. Consider Only this Defendant.........................28

19. Approximate Dates....................................29

II.  THE CHARGES............................................. 29

ii

1. Summary of the Superseding Indictment; Consider Only the Charges; Consider Each Count Separately........................................30

2. Knowingly, Willfully, and Intentionally Defined........................3231

  A. Knowingly........................................................................3231

  B. Willfully.............................................................................32

  C. Intentionally....................................................................3332

COUNTS THREE AND SIX: Securities Fraud........................ 3433

  A. The Charges....................................................................34

  B. The Statute and Rule....................................................35

  C. Definition and Elements..............................................36

  D. Securities Fraud Venue...............................................47

COUNTS ONE AND FOUR: Conspiracy to Commit Securities Fraud.... 49

  A. Conspiracy......................................................................55

  B. Venue................................................................................63

COUNTS TWO AND FIVE: Conspiracy to Commit Wire Fraud........ 6665

  A. Conspiracy to Commit Wire Fraud.........................6766

  B. Wire Fraud: Definition and Elements.....................6867

  C. Venue................................................................................7675

COUNT SEVEN...........................................................................7776

  A. Conspiracy to Commit Wire Fraud.........................7776

  B. Wire Fraud......................................................................7877

  C. Venue................................................................................8079

COUNT EIGHT...........................................................................8079

  A. Conspiracy......................................................................8382

  B. Securities Fraud............................................................8483

  C. Venue................................................................................8584

III.   Defenses........................................................................... 85

1. Good Faith..........................................................................85

2. Reliance on Counsel........................................................8685

IV.   CLOSING INSTRUCTIONS.......................................8887

1. Selection of a Foreperson..............................................8887

2. Verdict & Deliberations ..................................................8988

3. Note-Taking .............................................. 92~~91~~

4. Communications with the Court ......................... 92~~91~~

5. Right to See Evidence ................................. 93~~92~~

6. Return of Verdict .................................... 93~~92~~

7. Conclusion ............................................ 94~~93~~

iv

<u>**Draft Jury Instructions**</u>
<u>**July 26, 2017 Court Ex. 2**</u>

## <u>INTRODUCTION</u>

You are about to enter your final duty, which is to decide the factual issues in the case.  I ask that you please pay close attention to me now.  I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the trial would be to listen carefully and observe each witness who testified.  It has been obvious to me and to counsel that you have faithfully discharged this duty, and I thank you for your attentiveness and service.  Now that you have heard all of the evidence in this case and the arguments of each side, it is my duty to give you instructions as to the applicable law.  My instructions will be in three parts:

<u>First</u>:  I will state some general rules about your role and the way in which you are to review the evidence in this case;

<u>Second</u>:  I will instruct you as to the particular crimes charged in this case and the elements that the government must prove with respect to each; and

<u>Third</u>:  I will give you some general rules regarding your deliberations.

1

<u>**Draft Jury Instructions**</u>
<u>**July 26, 2017 Court Ex. 2**</u>

Do not single out any one instruction I give you as alone stating the law.  Rather, you should consider these instructions as a whole when you retire to the jury room to deliberate on your verdict.

***Authority*:  *See* Sand, *et al. Modern Federal Jury Instructions* ("Sand"), Instruction 2-1 (Juror Attentiveness).**

## I.   <u>GENERAL RULES OF LAW</u>

### 1.   <u>Role of the Court</u>

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the government and for the defendant, Martin Shkreli.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  Even if any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that

2

you may have as to what the law may be — or ought to be — it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

> ***Authority:*** *See* Sand, 2-2 (Role of the Court).

## 2.   Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  Your role is to pass upon the weight of the evidence; determine the credibility of the witnesses; resolve such conflicts as there may be in the testimony; and draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer that is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

3

The evidence before you consists of the answers given by witnesses--the testimony they gave, as you recall it–and the exhibits and stipulations that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Throughout this trial, I have reminded you not to conduct any outside research into this case.  I have also instructed you to consciously avoid any media about this case or about ~~the defendant~~Mr. Shkreli.  Likewise, during deliberations, you may only consider the evidence admitted at trial and may not utilize any other information obtained outside the courtroom, including, but not limited to, research on the internet, opinions or statements outside the courtroom, or other sources. You must completely disregard any report that you have read in the press, seen on television, or heard on the radio. Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such  media.

4

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to consider the evidence with impartiality.  Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

In reaching your decision as to whether the government sustained its burden of proof, it would be improper for you to consider any personal feelings you may have about the defendant's race, religion, national origin, sex or age.  It

5

would be equally improper for you to allow any feelings you
might have about the nature of the crimes charged to interfere
with your decision-making process.  All persons are entitled to
the presumption of innocence and the government has the burden
of proof, as I will discuss in a moment.

The fact that the prosecution is brought in the name
of the United States of America entitles the government to no
greater consideration than that accorded to any other party to a
litigation.  By the same token, it is entitled to no less
consideration.  All parties, whether government or individuals,
are equal before the law.

If you have a reasonable doubt as to a defendant's
guilt, you should not hesitate for any reason to find a verdict
of acquittal. But on the other hand, if you should find that the
government has met its burden of proving a defendant's guilt
beyond a reasonable doubt, you should not hesitate because of
sympathy or any other reason to render a verdict of guilty.
Proof beyond a reasonable doubt must, therefore, be proof of a
convincing character that a reasonable person would not hesitate
to rely upon in making an important decision.

Under your oath as jurors you are not to be swayed by
sympathy. You are to be guided solely by the evidence in this

case, and the crucial question that you must ask yourselves as
you sift through the evidence is: Has the government proven the
guilt of the defendant beyond a reasonable doubt?  It is for you
alone to decide whether the government has proven that ~~the
defendant~~Mr. Shkreli is guilty of the crimes charged solely on
the basis of the evidence and subject to the law as I charge
you. If you follow your oath, and try the issues without fear or
prejudice or bias or sympathy, you will arrive at a true and
just verdict.

> ~~*Authority:  See* Sand, 2-3 (Role of the Jury); 2-4
> (Juror Obligations (*see* Comment regarding Second Circuit
> charge); 2-11 (Improper Considerations – Matters the Jury May
> Not Consider); *see* 2-5 (The Government as a Party); *see* 2-12
> (Sympathy); 2-21 (Contact with Others (instruction against
> outside research)); 2-17 (Publicity – Final Charge).~~

3.    **Conduct of Counsel**

It is the duty of the attorneys on each side of a case
to object when the other side offers testimony or other evidence
which the attorneys believe is not properly admissible.  Counsel
also have the right and duty to ask the court to make rulings of
law and to request conferences at the side bar out of the
hearing of the jury.  All those questions of law must be decided
by me, the court.  You should not show any prejudice against an
attorney or his or her client because the attorney objected to

the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

During the course of the trial, I may have admonished an attorney. You should draw no inference against the attorney or the client. It is the duty of the attorneys to offer evidence and press objections on behalf of their side.  It is my function to cut off counsel from an improper line of argument or questioning, and to strike answers when I think it is necessary. But you should draw no inference from that.

In fact, in this case, I would like to express my gratitude to each of the attorneys for their conscientious efforts on behalf of their clients and for work well done.

~~*Authority*: *See* Sand, 2-5 (The Government as a Party) (portion of instruction concerning importance of case to both sides); 2-8 (Conduct of Counsel); 2-9 (Reprimand of Counsel for Misconduct).~~

4.  <u>**Presumption of Innocence and Burden of Proof**</u>

The defendant, Martin Shkreli, is before you today because he has been charged in an Indictment – here, a Superseding Indictment – with violations of federal law.  The Superseding Indictment is merely a statement of charges, and is not itself evidence.  ~~The defendant~~Mr. Shkreli has pleaded not

8

**Draft Jury Instructions**
**July 26, 2017 Court Ex. 2**

guilty to the Superseding Indictment.  ~~The defendant~~Mr. Shkreli
is therefore presumed to be innocent of the charges against him,
and that presumption alone, unless overcome, is sufficient to
acquit him.

To convict ~~the defendant~~Mr. Shkreli, the burden is on
the government to prove each and every element of the charged
offenses beyond a reasonable doubt.  This burden never shifts to
a defendant, for the simple reason that the law presumes a
defendant to be innocent.  A defendant is never required to
prove that he is innocent and never imposes upon a defendant in
a criminal case the burden or duty of calling any witness or
producing any evidence.

Every defendant starts with a clean slate and is
presumed innocent of each of the charges until such time, if
ever, that you as a jury are satisfied that the government has
proven the defendant guilty of a given charge beyond a
reasonable doubt.  If the government fails to prove every
element of a charge beyond a reasonable doubt, you must find ~~the
defendant~~Mr. Shkreli not guilty as to that charge.

~~*Authority*: *See* Sand, 4-1 (Presumption of Innocence
and Burden of Proof).~~

**Draft Jury Instructions**
**July 26, 2017 Court Ex. 2**

5.   **Reasonable Doubt**

What is a reasonable doubt?  It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of all of the evidence or lack of evidence concerning a particular charge against ~~the defendant~~Mr. Shkreli, you have a reasonable doubt, you must find ~~the defendant~~Mr. Shkreli not guilty of that charge.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied of the ~~defendant's~~Mr. Shkreli's guilt beyond a reasonable doubt, you should find ~~the defendant~~Mr. Shkreli guilty of that charge.

10

~~**_Authority_**~~~~: Sand, 4-2 (Reasonable Doubt); _United_~~
~~_States v. Glover_, 511 F.3d 340, 343 (2d Cir. 2008); _but see_~~
~~_Gaines v. Kelly_, 202 F.3d 598, 609 (2d Cir. 2000) ("several~~
~~circuits, including this one, generally discourage trial courts~~
~~from attempting to define [reasonable doubt]." (citing _United_~~
~~_States v. Desimone_, 119 F.3d 217, 226 (2d Cir. 1997))).~~

**6.**   **Forms of Evidence**

I now will instruct you as to what is evidence and how you should consider it.

**A.**   **What Is Evidence:**

The evidence in this case comes in several forms:

1.   Sworn testimony of witnesses, both on direct and cross-examination;

2.   Exhibits that have been received by the court in evidence;

3.   Certain exhibits admitted in evidence in the form of charts, summaries and demonstratives. You should consider these charts and summaries as you would any other evidence; and

4.   Stipulations of fact to which all the attorneys have agreed.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Here, the attorneys for the United States and the attorneys

11

for ~~the defendant~~Mr. Shkreli have entered into stipulations concerning certain facts and documents that are relevant to this case. You should accept these stipulations as evidence and regard those facts as true, to be given whatever weight you choose.

If evidence was received for a limited purpose, you must consider that evidence for that limited purpose only.

<u>**Draft Jury Instructions**</u>
<u>**July 26, 2017 Court Ex. 2**</u>

B.    **What Is Not Evidence:**

Certain things are not evidence and are to be disregarded by you in deciding what the facts are:

1.   The Superseding Indictment is not evidence and is entitled to no weight in your evaluation of the facts.

2.   Arguments or statements by the attorneys are not evidence.

3.   A lawyer's questions of a witness in and of themselves are not evidence - only the answer constitutes evidence.

4.   Objections to the questions or to offered exhibits are not evidence.  Attorneys have a duty to object when they believe evidence should not be received.  You should not be influenced by the objection or by the court's ruling on it.  If the objection was sustained, ignore the question.  If the objection was overruled, treat the answer like any other answer.

5.   Any testimony stricken by the court is not evidence.

13

6.    Any exhibits identified, but not admitted into evidence by the court, are not evidence, however, testimony regarding such exhibits can be considered.

7.    Obviously, anything you may have seen or heard outside the courtroom is not evidence.

8.    Any notes you may have taken during the course of the trial are not evidence.

Your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

**7.    __Direct and Circumstantial Evidence:__**

I told you that evidence comes in various forms such as the sworn testimony of witnesses, exhibits, charts and summaries, and stipulations.  There are, in addition, different types of evidence - direct and circumstantial.

1.    **Direct evidence**:  Direct evidence is evidence that proves a fact directly.  For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

2.    **Circumstantial evidence**:  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple

14

example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Because you cannot look outside of the courtroom and cannot see whether or not it is raining, you have no direct evidence that it is raining. But, on the combination of the facts about the dripping wet umbrella and raincoat, it would be reasonable for you to infer that it had begun to rain. That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.  Whether a given inference should be drawn is entirely a matter for you, the jury, to decide. Please note, however, that ~~it~~ drawing an inference is not a matter of speculation or guess; ~~.~~ it is a matter of logical inference.

15

<u>**Draft Jury Instructions**</u>
<u>**July 26, 2017 Court Ex. 2**</u>

The law makes no distinction between direct and circumstantial evidence.  Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

~~**_Authority_**: _See_ Sand, 5-2 (Direct and Circumstantial Evidence).~~

**8.   <u>Inferences</u>**

The attorneys have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government may ask you to draw one set of inferences, while the defense may ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw-but not required to draw-from the facts that

have been established by either direct or circumstantial

evidence. In drawing inferences, you should exercise your common

sense.

So, while you are considering the evidence presented

to you, you are permitted, but not required, to draw from the

facts that you find to be proven such reasonable inferences as

would be justified in light of your experience.

Here again, let me remind you that, whether based on

direct or circumstantial evidence, or on the logical, reasonable

inferences drawn from such evidence, you must be satisfied of

the guilt of the defendant beyond a reasonable doubt before you

may convict.

~~*Authority*: Sand, 6-1 (Inference Defined).~~

**9.   Admission of Defendant**

There has been evidence that ~~the defendant~~Mr. Shkreli

made certain statements to ~~government officials~~the Securities

and Exchange Commission (also referred to as the SEC) in which

the government claims he admitted certain facts charged in the

Superseding Indictment. ~~In deciding what weight to give the~~

~~defendant's statements, you should first examine with great care~~

~~whether each statement was made and whether, in fact, it was~~

~~voluntarily and understandingly made.~~ I instruct you that you

17

are to give the statements such weight as you feel they deserve in light of all the evidence.

~~***Authority:*** Sand, 5-19 (Admission of Defendant).~~

## 10. <u>Defendant's Right Not to Testify</u>

~~The defendant~~Mr. Shkreli did not testify in this case. Under the United States Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent, because his innocence is presumed.

Therefore, you must not attach any significance to the fact that ~~the defendant~~Mr. Shkreli did not testify in this case. You must not draw any adverse inference against him because he did not take the witness stand and you may not consider or even discuss it in any way in your deliberations in the jury room.

~~***Authority:*** Sand, 5-21 (Improper Consideration of the Defendant's Right to Testify).~~

## 11. <u>Credibility of Witnesses</u>

You the jury are the sole judges of the credibility – or believability – of the witnesses and the weight their

18

testimony deserves.  You should carefully scrutinize all of the testimony given, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decisions in this respect may depend on how each witness impressed you.  Was the witness candid and forthright or did the witness seem to be hiding something, being evasive or suspect in some way?  How did the witness's testimony on direct examination compare with the witness's testimony on cross-examination?  Was the witness consistent in the testimony given or were there contradictions?  Did the witness appear to know what she or he was talking about and did the witness strike you as someone who was trying to report that knowledge accurately?  These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

You should also consider whether a witness had an opportunity to observe the facts he or she testified about.  Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a

19

relationship with the Government or ~~the defendant~~Mr. Shkreli
that may affect how he or she testified? Does the witness have
some incentive, loyalty, or motive that might cause him or her
to shade the truth? Does the witness have some bias, prejudice,
or hostility that may cause the witness to give you something
other than a completely accurate account of the facts he or she
testified to?

Evidence that a witness is biased, prejudiced or
hostile toward ~~the defendant~~Mr. Shkreli requires you to view
that witness' testimony with caution, to weigh it with care, and
to subject it to close and searching scrutiny.

You should also take into account any evidence that
the witness who testified may benefit in some way from the
outcome of this case. Such an interest in the outcome creates a
motive to testify falsely and may sway the witness to testify in
a way that advances his own interests. Therefore, if you find
that any witness whose testimony you are considering may have an
interest in the outcome of this trial, then you should bear that
factor in mind when evaluating the credibility of his or her
testimony and accept it with great care.

This is not to suggest that every witness who has an
interest in the outcome of a case will testify falsely. It is

20

for you to decide to what extent, if at all, the witness's
interest has affected or colored his or her testimony.

You have also heard evidence of discrepancies in the
testimony of certain witnesses, and counsel have argued that
such discrepancies are a reason for you to reject the testimony
of those witnesses.  Evidence of discrepancies may be a basis to
disbelieve a witness's testimony. On the other hand,
discrepancies in a witness's testimony or between his or her
testimony and that of others do not necessarily mean that the
witness's entire testimony should be discredited.  People
sometimes forget things and even a truthful witness may be
nervous and contradict him- or herself. It is also a fact that
two people witnessing an event may see or hear it differently.
Whether a discrepancy pertains to a fact of importance or only
to a trivial detail should be considered in weighing its
significance.

A willful falsehood always is a matter of importance
and should be considered seriously.  If any witness is shown to
have willfully lied about any material matter, you have the
right to conclude that the witness also lied about other
matters. You may either disregard all of that witnesses'
testimony, or you may accept whatever part of it you think

21

**Draft Jury Instructions**
**July 2~~6~~, 2017 Court Ex. 2**

~~deserves to be believed.~~ It is for you to decide, based on your total impression of a witness, how to weigh his or her testimony. You should, as always, use common sense and your own good judgment.

~~*Authority*: *United States v. Rivera*, No. 13-cr-149 (E.D.N.Y. 2015) (instruction on discrepancies in testimony); *see* Sand, 7-1 (Witness Credibility — General Instructions); 7-2 (Bias and Hostility); 7-3 (Interest in Outcome).~~

**12.   Number of Witnesses ~~(Modified)~~**

You do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You also have to decide which witnesses to believe and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. ~~The defendant in this case~~Mr. Shkreli has chosen not to call any witnesses.  You should keep in mind that the burden of proof is always on the government and that the defendant is not required to call any witnesses or offer any evidence, because he is presumed to be innocent.

~~*Authority*:  *See* Sand, 4-3 (Number of Witnesses and Uncontradicted Testimony) (modified to remove language regarding the number of witnesses).~~

22

<u>**Draft Jury Instructions**</u>
<u>**July 2**6**, 2017 Court Ex. 2**</u>

13.  <u>**Testimony of Government Employees/Law Enforcement Witnesses**</u>

In this case, you have also heard testimony from a witness who works for the FBI, a law enforcement agency. The testimony of this witnesses should be evaluated in the same manner as the testimony of any other witness. The fact that a witness may be employed by the government does not mean that you may accord his or her testimony any more or less weight than that of any other witness. At the same time, it is common for defense counsel to try to ~~attack~~ question the credibility of a witness employed by the government, including a witness who works in law enforcement, on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case. It is for you to decide, after weighing all the evidence, in light of the instructions I have given you about factors relevant to determining the credibility of any witness, whether you accept the testimony of a government employee witness and what weight, if any, it deserves.

**Authority:** ~~Sand 7-16 (Law Enforcement Witness).~~

14.  <u>**Prior Inconsistent Statements**</u>

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. Evidence of

23

what is arguably a prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all, part, or none of the witness's testimony.

*Authority*: Sand, 7-19 (Prior Inconsistent Statements).

24

## 15.   Preparation for Testimony

During the course of trial, you heard testimony that the attorneys for the parties interviewed witnesses when preparing for and during trial.  Attorneys have an obligation to prepare their case as thoroughly as possible, and in the discharge of that responsibility properly interview witnesses in preparation for the trial and from time to time as may be required during the course of the trial.

~~*Authority*: *United States v. Rivera*, No. 13-cr-149 (E.D.N.Y. 2015); Sand, Seventh Circuit Pattern Jury Instruction 3.02.~~

## 16.   No Duty to Call Witnesses or Produce Evidence or Use Particular Investigative Techniques

Although the government bears the burden of proof, and although a reasonable doubt can arise from lack of evidence, you are instructed that there is no legal requirement that the government use any specific investigative techniques or pursue every investigative lead to prove its case. Therefore, although you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.

In this regard, I also charge you that all persons who may have been present at any time or place mentioned in the

case, or who may appear to have some knowledge of the issues in this case, need not be called as witnesses.  Both the government and the defense have the same right to subpoena witnesses to testify on their behalf.  There is no duty on either side, however, to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.  Nor does the law require that all things mentioned during the course of the trial be produced as exhibits. I remind you, however, that because the law presumes the defendant to be innocent, the burden of proving the defendant's guilt beyond a reasonable doubt is on the government throughout the trial.  The defendant never has the burden of proving his innocence or of producing any evidence or calling any witnesses at all.

~~*Authority:* Sand, 4-4 (No Duty to Call Witnesses or Produce Evidence or use Particular Investigative Techniques); *Rivera* (instruction that uncalled witnesses are equally available); Sand, 6-7 (Witnesses Equally Available); *United States v. Perez*, 523 Fed. App'x 842, 843 (2d Cir. 2013) (summary order) (affirming the use of an "uncalled witness" instruction in a case where the government "called only a few . . . victims in th[e] case"); *see also United States v. Caccia*, 122 F.3d 136, 139 (2d Cir. 1997).~~

**17.  Informal Agreements**

26

You have heard the testimony of a witness who has been promised by the government that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes that he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own

freedom from prosecution by helping to convict another, has a motive to falsify his testimony.

        Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

### 17.18.         Consider Only this Defendant

You have heard evidence about the involvement of certain other people in the crimes charged in the Superseding Indictment. You may not draw any inference, favorable or unfavorable, towards the government or the defendant Mr. Shkreli from the fact that certain persons are not on trial before you, or that certain persons were not named as defendants in the Superseding Indictment or that certain persons were named as co-conspirators but not indicted.  It is not your concern that these other individuals are not on trial before you, nor should you speculate as to whether or not they were indicted. You should neither speculate as to the reason these other people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case. Nor should you draw any inference from the fact that any other person is not present at this trial or may or may not be indicted. Your

concern is solely the defendant on trial before you, Mr. Shkreli.

~~Similarly, you are not being asked whether any other person has been proven guilty.~~ Your verdict should be based solely upon the evidence or lack of evidence as to this defendant, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.

~~**Authority:** Sand, 2-18 (Jury to Consider Only this Defendant); 3-4 (Failure to Name a Defendant).~~

~~18.~~19.         **Approximate Dates**

The Superseding Indictment charges that the offenses at issue took place "in or about" and "between" certain dates. The proof need not establish with certainty the exact date of the alleged offenses.  The law only requires a substantial similarity between the date alleged in the Superseding Indictment and the date established by the evidence.

## II.   THE CHARGES

I will now turn to the second part of my instructions. In this part, I will instruct you as to the specific elements of the crimes charged that the government must prove beyond a reasonable doubt to warrant a finding of guilt in this case.

29

Draft Jury Instructions
July 26, 2017 Court Ex. 2

1.   **Summary of the Superseding Indictment; Consider Only the
     Charges; Consider Each Count Separately**

I will begin by summarizing for you the various

charges alleged in the Superseding Indictment, which as I

mentioned is merely a statement of the charges, and is not

evidence. ~~The defendant~~Mr. Shkreli is not charged with

committing any crime other than the offenses contained in the

Superseding Indictment. You have heard evidence of other acts

allegedly committed by ~~the defendant~~Mr. Shkreli. When such

evidence was introduced, I instructed you that Mr. Shkreli was

not charged with such acts ~~crimes not listed~~ in the Superseding

Indictment.

The Superseding Indictment contains a total of eight

counts. Each count charges ~~the defendant~~Mr. Shkreli with a

different crime. The charges in Counts One through Three are

related to an entity known as MSMB Capital. In Count One, ~~the~~

~~defendant,~~ Mr. Shkreli, is charged with conspiracy to commit

securities fraud, in Count Two he is charged with conspiracy to

commit wire fraud and in Count Three he is charged with a

substantive count of securities fraud in relation to MSMB

Capital.

30

The charges in Counts Four through Six are related to an entity known as MSMB Healthcare.  In Count Four, ~~the defendant~~Mr. Shkreli is charged with conspiracy to commit securities fraud, in Count Five, he is charged with conspiracy to commit wire fraud, and in Count Six, he is charged with a substantive count of securities fraud in relation to MSMB Healthcare.

In Count Seven, ~~the defendant~~Mr. Shkreli is charged with conspiracy to commit wire fraud, and in Count Eight, he is charged with conspiracy to commit securities fraud in relation to an entity known as Retrophin.

You must consider each count of the Superseding Indictment separately, and you must return a separate verdict on the defendant for each count in which he is charged.  Whether you find ~~the defendant~~Mr. Shkreli guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

~~*See* Sand, 3-3 (Consider Only the Charges (modified));~~
~~3-6 (One Defendant - Multiple Counts).~~

31

**Draft Jury Instructions**
**July 26, 2017 Court Ex. 2**

## 2. Knowingly, Willfully, and Intentionally Defined

During these instructions, you will hear me use the terms "knowingly," "willfully," and "intentionally."  Therefore, I will define these terms for you.

### A. Knowingly

To act "knowingly" means to act intentionally and voluntarily, and not because of ignorance, mistake, accident, negligence, or carelessness.  Whether ~~the defendant~~Mr. Shkreli acted knowingly may be proven by ~~the defendant's~~his conduct and by all of the facts and circumstances surrounding the case.

~~*Authority*: Sand 3A-1 (Knowingly).~~

### B. Willfully

Certain allegations in the Superseding Indictment require that the government prove beyond a reasonable doubt that ~~the defendant~~Mr. Shkreli acted "willfully.  "Willfully" means to act with knowledge that one's conduct is unlawful and with an intent to do something the law forbids; that is to say, with a bad purpose either to disobey or to disregard the law.  A defendant's conduct is not "willful" if it was due to negligence, inadvertence, or mistake.

~~*Authority*: Sand, 3A-3 (Willfully).~~

32

<u>**Draft Jury Instructions**</u>
<u>July 2**6**, 2017 Court Ex. **2**</u>

C.     **Intentionally**

A person acts "intentionally" when he acts deliberately and purposefully.  That is, the defendant's acts must have been the product of his conscious objective decision rather than the product of a mistake or accident.

Whether a person acted knowingly, willfully, or intentionally is a question of fact for you to determine, like any other fact question.  Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.  In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

*Authorities:  See* Sand, 57-24 (Second Element – Knowledge, Intent and Willfulness for Securities Fraud); 44-5 (Second Element – Participation in Scheme with Intent for Wire Fraud).

33

## COUNTS THREE AND SIX: Securities Fraud

The defendant MARTIN SHKRELI is formally charged in a Superseding Indictment.  I am going to begin with the substantive securities fraud charges.  Counts Three and Six of the Superseding Indictment charge ~~the defendant MARTIN~~Mr. ~~SHKRELI~~ Shkreli with securities fraud.

A.    **The Charges**

Count Three of the Superseding Indictment charges ~~the defendant MARTIN SHKRELI~~Mr. Shkreli with securities fraud in relation to **MSMB Capital**, as follows:

In or about and between September 2009 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowingly and willfully use and employ one or more manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing one or more devices, schemes and artifices to defraud; (b) making one or more untrue statements of material fact and omitting to state one or more material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and (c) engaging in one or more acts, practices and courses of business which would and did operate as a fraud and deceit upon one or more investors or potential investors in MSMB Capital, in connection with the purchase and sale of investments in MSMB Capital, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails.

34

Count Six of the Superseding Indictment charges ~~the defendant~~
~~MARTIN SHKRELI~~Mr. Shkreli with committing securities fraud in
relation to **MSMB Healthcare** as follows:

> In or about and between February 2011 and September
> 2014, both dates being approximate and inclusive,
> within the Eastern District of New York and elsewhere,
> the defendant MARTIN SHKRELI, together with others,
> did knowingly and willfully use and employ one or more
> manipulative and deceptive devices and contrivances,
> contrary to Rule 10b-5 of the Rules and Regulations of
> the United States Securities and Exchange Commission,
> Title 17, Code of Federal Regulations, Section
> 240.10b-5, by: (a) employing one or more devices,
> schemes and artifices to defraud; (b) making one or
> more untrue statements of material fact and omitting
> to state one or more material facts necessary in order
> to make the statements made, in light of the
> circumstances in which they were made, not misleading;
> and (c) engaging in one or more acts, practices and
> courses of business which would and did operate as a
> fraud and deceit upon one or more investors or
> potential investors in MSMB Healthcare, in connection
> with the purchase and sale of investments in MSMB
> Healthcare, directly and indirectly, by use of means
> and instrumentalities of interstate commerce and the
> mails.

B.    **The Statute and Rule**

> The relevant statute is Section 10(b) of the

Securities Exchange Act of 1934. That law provides in relevant

part that:

> It shall be unlawful for any person, directly or
> indirectly, by the use of any means or instrumentality
> of interstate commerce or of the mails, or any
> facility of any national securities exchange –

(b) To use or employ, in connection with the purchase
or sale of any security registered on a national
securities exchange or any security not so registered
. . . any manipulative or deceptive device or
contrivance in contravention of such rules and
regulations as the [Securities and Exchange Commission
("SEC")] may prescribe as necessary or appropriate in
the public interest or for the protection of
investors.

Based on its authority under this statute, the SEC

enacted Rule 10b-5, which provides:

It shall be unlawful for any person, directly or
indirectly, by the use of any means or instrumentality
of interstate commerce, or of the mails or of any
facility of any national securities exchange,
(a) To employ any device, scheme, or artifice to
defraud,
(b) To make any untrue statement of a material fact or
to omit to state a material fact necessary in order to
make the statements made, in the light of the
circumstances under which they were made, not
misleading, or
(c) To engage in any act, practice, or course of
business which operates or would operate as a fraud or
deceit upon any person, in connection with the
purchase or sale of any security.

C.   **Definition and Elements**

In order to meet its burden of proof as to Counts

Three and Six, the government must establish beyond a reasonable

doubt the following elements of the crime of securities fraud:

1. First Element - Fraudulent Act

The first element that the government must prove

beyond a reasonable doubt is that, in connection with the

36

purchase or sale of a security in MSMB Capital for Count Three,

and MSMB Healthcare for Count Six, ~~the defendant MARTIN~~

~~SHKRELI~~Mr. Shkreli knowing and intentionally did one or more of

the following:

      (1) employed a device, scheme or artifice to defraud,

or

      (2) made an untrue statement of a material fact or

omitted to state a material fact necessary in order to make the

statements made, in the light of the circumstances under which

they were made, not misleading, or

      (3) engaged in an act, practice or course of business

that operated, or would operate, as a fraud or deceit upon a

purchaser or seller of any security.

      To prove this element, it is not necessary for the

government to establish all three types of unlawful conduct in

connection with the sale or purchase of investments in MSMB

Capital for Count Three, or MSMB Healthcare for Count Six. Any

one will be sufficient for a conviction, if you so find, but you

must be unanimous as to which type of unlawful conduct you find

to have been proven beyond a reasonable doubt.

Let me now explain some of these terms.

- *Device, Scheme, or Artifice to Defraud*:  A device, scheme or artifice to defraud is ~~merely~~ a plan for the accomplishment of a fraud. Fraud is a general term which embraces all efforts and means that individuals devise to take advantage of others. The law that the defendant is alleged to have violated prohibits all kinds of manipulative and deceptive acts. The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved in this case.

- *False Statements and Omissions*:  A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was made with the intention to deceive. False or fraudulent statements under the statute may include ~~T~~the concealment of material facts in a manner that makes what is said or represented deliberately misleading ~~may also constitute false or fraudulent statements under the statute~~.

     The deception need not be based upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey the false

38

and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

- *"In Connection With"*: You need not find that ~~the defendant~~ Mr. Shkreli actually participated in any securities transaction if ~~the defendant~~he was engaged in fraudulent conduct that was "in connection with" a purchase or sale of securities. The "in connection with" aspect of this element is satisfied if you find that there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

It is no defense to an overall scheme to defraud that the defendant may not have been involved in the scheme from its inception or may have played only a minor role with no contact with the investors and purchasers of the securities in question. Nor is it necessary for you to find that the defendant was the actual seller or offeror of the securities. It is sufficient if the defendant participated in the scheme or fraudulent conduct that involved the purchase or sale of ~~stock~~securities. By the

39

same token, the government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the government establishes that the defendant caused the statement to be made or the fact to be omitted. With regard to the alleged misrepresentations and omissions, you must determine whether the statement was true or false when it was made, and, in the case of alleged omissions, whether the omission was misleading.

- *Material Fact*: If you find that the government has established beyond a reasonable doubt that a statement was false or omitted in connection with the purchase or sale of any securities, you must next determine whether the fact misstated or omitted was material under the circumstances. "A misrepresentation is material under Section 10(b) of the Securities Exchange Act and Rule 10b-5 where there is a substantial likelihood that a reasonable investor would find the misrepresentation important in making an investment decision."[1]  ~~Once~~ If you find that there was a material misrepresentation or omission of a material fact,

---

[1] ~~*United States v. Litvak*, 808 F.3d 160, 175 (2d Cir. 2015) (internal quotation marks and citations omitted) (emphasis added).~~

it does not matter whether the intended victims were
gullible buyers or sophisticated investors, because the
securities laws protect the gullible and unsophisticated as
well as the experienced investor.

Nor does it matter whether the alleged unlawful
conduct was successful or not, or that the defendant profited or
received any benefits as a result of the alleged scheme. Success
is not an element of the crime charged. However, if you find
that the defendant did profit from the alleged scheme, you may
consider that in relation to the element of intent, which I will
discuss in a moment.

If you find that the government has not proven this
element beyond a reasonable doubt, you must find ~~the
defendant~~Mr. Shkreli not guilty. On the other hand, if you do
find that the government has proven that a fraudulent act was
committed by ~~the defendant~~Mr. Shkreli, beyond a reasonable
doubt, then you must consider the second element. You need not
find that the government has proven each of the alleged
fraudulent acts, but I remind you that you must reach a
unanimous decision as to at least one fraudulent act.

~~***Authorities***: Sand, 57-21 (First Element — Fraudulent
Act); *United States v. Litvak*, 808 F.3d 160, 175 (2d Cir. 2015)
(citations omitted) (defining material misrepresentations).~~

41

**Draft Jury Instructions**
**July 26, 2017 Court Ex. 2**

2. Second Element - Knowledge, Intent and Willfulness

The second element that the government must establish as to Count Three for MSMB Capital and Count Six for MSMB Healthcare is that ~~the defendant MARTIN SHKRELI~~ Mr. Shkreli acted knowingly, willfully and with intent to defraud.

As I explained before, a person acts "knowingly" if he acts purposely and voluntarily and not because of ignorance, mistake, accident, negligence, or carelessness.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time

42

in the past, he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

I already have instructed you as to what circumstantial evidence is and the inferences that may be drawn from it. Those instructions also apply here. What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, in deciding whether ~~a defendant~~Mr. Shkreli possessed or lacked an intent to defraud, you do not limit yourself to what ~~the defendant~~Mr. Shkreli said, but you also look at what he did and what others did in relation to ~~the defendant~~Mr. Shkreli and, in general, everything that occurred.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential

43

elements of the crime charged must be established by the government beyond a reasonable doubt.

Under the anti-fraud statutes, even false representations or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be.

In considering whether or not a defendant acted in good faith, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money does not require a finding by you that the defendant acted in good faith. No amount of honest belief on the part of a defendant that the scheme ultimately will make a profit for the investors will excuse fraudulent actions or false representations by him.

As a practical matter, then, to prove the charge against a defendant, the government must establish beyond a reasonable doubt that the defendant knew that his conduct as a participant in the scheme was calculated to deceive and,

44

nonetheless, he associated himself with the alleged fraudulent scheme.

If you find that ~~the defendant~~Mr. Shkreli did not act knowingly and with the intent to deceive, then you must find the defendant not guilty. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, but also this second element, that ~~the defendant~~Mr. Shkreli acted knowingly and with the intent to deceive, then you must consider the third element. I remind you that you must reach a unanimous decision in connection with each element.

~~*Authority*: Sand, 57-24 (Knowledge, Intent, and Willfulness); *United States v. Leonard*, 529 F.3d 83, 91-92 (2d Cir. 2008) (discussing the appropriateness of a "no ultimate harm" charge in a securities fraud and conspiracy to commit securities and mail fraud case); *United States v. Litvak*, 808 F.3d 160, 178-79 (2d Cir. 2015) (explaining that "intent to harm" is not an element of securities fraud); *United States v. Kaiser*, 609 F.3d 556, 568-70 (2d Cir. 2010) (explaining the intent to defraud requirement for securities fraud).~~

3. Third Element - Instrumentality of Interstate Commerce

The third and final element that the government must prove beyond a reasonable doubt as to Count Three for MSMB Capital and Count Six for MSMB Healthcare is that ~~the defendant~~Mr. Shkreli knowingly used, or caused to be used, the

mails or any means or instrumentalities of transportation or communication in interstate commerce in furtherance of the scheme to defraud. This would include the use of a telephone, a bank wire transfer or an email sent over the Internet that traveled across state lines.

It is not necessary that a defendant be directly or personally involved in any emailing, wire, or use of an instrumentality of interstate commerce. If the defendant was an active participant in the scheme and took steps or engaged in conduct which he knew or reasonably could foresee would naturally and probably result in the use of interstate means of communication, then you may find that he caused the mails or an instrumentality of interstate commerce to be used.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use reasonably can be foreseen, even though not actually intended, then he causes such means to be used.

It is not necessary that the items sent through interstate means of communication contain the fraudulent material, or anything criminal or objectionable. The interstate means of communication may be entirely innocent.

46

The use of interstate communications need not be central to the execution of the scheme, and may even be incidental to it. All that is required is that the use of the interstate communications bear some relation to the object of the scheme or fraudulent conduct. In fact, the actual offer or sale need not be accomplished by the use of interstate communications, so long as the defendant is still engaged in actions that are a part of the fraudulent scheme when interstate communications are used.

        *Authorities*: Sand, 57-25 (Third Element – Instrumentality of Interstate Commerce).

D.    **Securities Fraud Venue**

        I have explained to you the elements the government must prove beyond a reasonable doubt as to the securities fraud charged in Counts Three and Six. The government must also prove venue. Unlike the elements I just explained to you that the government must prove beyond a reasonable doubt, the government must prove venue by a preponderance of the evidence. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not. A preponderance of the evidence means the greater weight of the evidence, both direct and circumstantial. It refers to the

47

quality and persuasiveness of the evidence, not to the quantity of evidence.

To establish venue for securities fraud as charged in Counts Three and Six, the government must prove that it is more likely than not that: (1) the defendant intentionally and knowingly caused an act or transaction constituting a securities fraud to occur, at least in part, in the Eastern District of New York, which consists of the Counties of Kings (also known as Brooklyn), Queens, Richmond (also known as Staten Island), Nassau, and Suffolk, or (2) it was foreseeable that such an act or transaction would occur in the Eastern District of New York, and it did. The government need not prove that the defendant personally was present in the Eastern District of New York. It is sufficient to satisfy the venue requirement if the defendant intentionally and knowingly caused an act or transaction constituting a securities fraud to occur, at least in part, within the Eastern District of New York.

The government also must prove that the act or transaction must be a part of the actual crime of securities fraud and not merely a step taken in preparation for the commission of the crime.

Therefore, if you find that it is more likely than not that an act or transaction in furtherance of the securities fraud took place in the Eastern District of New York, the government has satisfied its burden of proof as to venue as to Count Three.

Again, I caution you that the preponderance of the evidence standard applies only to venue. The government must prove each of the elements of securities fraud in Counts Three and Six beyond a reasonable doubt.

\* \* \* \* \*

In sum, if you find that the government has failed to prove any one of the elements for either Count Three for MSMB Capital or Count Six for MSMB Healthcare beyond a reasonable doubt, then you must find ~~the defendant~~ Mr. Shkreli not guilty of securities fraud for that count. To find ~~the defendant~~Mr. Shkreli guilty of securities fraud as charged in Count Three or Count Six, you must find that the government has proven, beyond a reasonable doubt, each element of the securities fraud charged in Count Three for MSMB Capital or Count Six for MSMB Healthcare, and also that the government has established venue for that count by a preponderance of the evidence.

**COUNTS ONE AND FOUR: Conspiracy to Commit Securities Fraud**

49

I will next instruct you on the securities fraud conspiracy charges. Count One of the Superseding Indictment charges ~~the defendant MARTIN SHKRELI~~Mr. Shkreli with conspiracy to commit securities fraud with respect to MSMB Capital, and Count Four charges him with conspiring to commit securities fraud with respect to MSMB Healthcare.

Count One of the Superseding Indictment charges ~~the defendant MARTIN SHKRELI~~Mr. Shkreli with conspiracy to commit securities fraud in connection with **MSMB Capital** as follows:

> In or about and between September 2009 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowing and willfully conspire to use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by : (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in MSMB Capital, in connection with the purchase and sale of investments in MSMB Capital, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.

In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, committed and caused to be committed, among others, the following overt acts:

a. On or about October 24, 2009, ~~Co-Conspirator 1~~Marek Biestek sent an email to ~~Investor 2~~Steven Richardson, copying SHKRELI and enclosing the "MSMB Capital Investor Kit," which included a presentation and a private placement memorandum.

~~b. On or about February 18, 2010, SHKRELI sent an email to the [MSMB] Capital Limited Partners, including Investor 2, and stated, in part: "Our fund is open to new and additional investments. Our terms are 1%/20% fees with monthly liquidity."~~

c. On or about June 9, 2010, SHKRELI sent an email to ~~Investor 1~~Darren Blanton, attaching MSMB Capital documents, and stated, in part: "The fund is a 1/20 fee structure with no lock-ups. . . . we have a daily results email some people like to see . . . hedge fund performance should be easy enough to report/calculate estimates on a daily basis, and it is. . . . I'd love to have you as an investor – it looks like we see eye-to-eye on a number of topics."

d. On or about October 6, 2010, SHKRELI sent an email to the Capital Limited Partners, including ~~Investor 2~~Steven Richardson, and attached a letter entitled "MSMB Capital Management Limited Partnership Letter for Q3 2010." In the letter, SHKRELI stated, in part, that the "partnership performed well, returning 9% in Q3 2010" and that brought the "gross year-to-date return to 44%."

e. On or about December 2, 2010, SHKRELI sent an email to ~~Investor 1~~Darren Blanton, and stated, in part, that MSMB Capital's current assets under management were $35 million, its auditor was Rothstein Kass, and its administrator was NAV Consulting.

51

f. On or about January 3, 2011, SHKRELI sent an email to the Capital Limited Partners, including ~~Investor 2~~Steven Richardson, and stated that MSMB Capital had "returned +30.44% in 2010" and "+30.97% since inception on 11/1/2009."

g. On or about February 2, 2011, SHKRELI sent an email to ~~Coconspirator 1~~Marek Biestek and an employee and attached a spreadsheet detailing MSMB Capital's OREX trading.

h. On or about February 9, 2011, SHKRELI sent an email to the Capital Limited Partners, including ~~Investor 1~~Darren Blanton and ~~Investor 2~~Steven Richardson, and stated that MSMB Capital had "returned +3.80% gross of fees year-to-date" and "+35.95% since inception on 11/1/2009."

i. On or about November 17, 2011, ~~Investor 1~~Darren Blanton sent a letter to SHKRELI providing written notice of a request for a full withdrawal of his investment in MSMB Capital based on the fund's net asset value as of November 30, 2011.

j. On or about January 25, 2012, SHKRELI sent an email to ~~Investor 1~~Darren Blanton, copying others, and stated, in part: "You invested $1,250,000 for the 12/31/2010 period. The value of this investment is now approximately $1,318,872, net of fees . . . We acknowledge your redemption and this will be your last statement."

k. On or about September 10, 2012, SHKRELI sent an email to the Capital Limited Partners, including ~~Investor 2~~Steven Richardson, and stated, in part: "I have decided to wind down our hedge fund partnerships with a goal of completing the liquidation of the funds by November or December 1st, 2012. . . . Original MSMB investors (2009) have just about doubled their money net of fees. . . . investors will have their limited partnership interests redeemed by the fund for cash. Alternatively, investors may ask for a redemption of

Retrophin shares, or a combination of Retrophin shares and cash."

Count Four of the Superseding Indictment charges ~~the defendant MARTIN SHKRELI~~Mr. Shkreli with conspiracy to commit securities fraud in connection with **MSMB Healthcare** as follows:

> In or about and between February 2011 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowingly and willfully conspire to use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in MSMB Healthcare, in connection with the purchase and sale of investments in MSMB Healthcare, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.

> In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, committed and caused to be committed, among others, the following overt acts:

> a. On or about December 16, 2011, SHKRELI sent an email to ~~Corrupt Employee 1~~Kevin Mulleady and stated that MSMB Healthcare had $45 million in assets under

management, and $80 million in assets under management
if the full value of Retrophin was taken into account.

~~b. On or about January 24, 2012, in response to an
email from Investor 3, who had expressed concerned
about MSMB Healthcare's performance, SHKRELI stated:
"The real loss is - 2% and 2% will be added to
December - we negotiated hard with accountants to
represent -2% but time constraints resulted in us
printing -4%."~~

~~b~~c. On or about April 18, 2012, SHKRELI sent an email
to ~~Corrupt Employee 1~~Kevin Mulleady, and stated that
MSMB Healthcare had $55 million in assets under
management.

~~c~~d. On or about April 19, 2012, in response to an
inquiry by a potential sophisticated investor about
how MSMB Healthcare could pay employee salaries with a
modest asset base of $55 million, SHKRELI stated:
"Lots of ways - many of us have zero salaries or low
salaries. We have some expenses the fund pays for and
yet other deferments that are creative. Will tell more
when we meet!"

~~d~~e. On or about September 10, 2012, SHKRELI sent an
email to the Healthcare Limited Partners, including
~~Investor 3~~Alan Geller, and stated, in part: "I have
decided to wind down our hedge fund partnerships with
a goal of completing the liquidation of the funds by
November or December 1st, 2012. . . . Original MSMB
investors (2009) have just about doubled their money
net of fees. . . . investors will have their limited
partnership interests redeemed by the fund for cash.
Alternatively, investors may ask for a redemption of
Retrophin shares, or a combination of Retrophin shares
and cash."

I have already explained to you the crime of

securities fraud. To find that ~~the defendant MARTIN SHKRELI~~Mr.

Shkreli is guilty of Count One, you must find that the ~~defendant~~

54

Mr. Shkreli conspired to commit securities fraud as to MSMB

Capital.  To find ~~the defendant~~Mr. Shkreli guilty of Count Four

you must find that ~~the defendant~~Mr. Shkreli conspired to commit

securities fraud as to MSMB Healthcare.

For Counts One and Four, the government need not prove

that ~~the defendant~~Mr. Shkreli actually committed securities

fraud, the unlawful acts charged as the objects of the

conspiracy in Counts One and Four. However, you must find,

beyond a reasonable doubt, that Mr. Shkreli conspired with one

or more individuals to commit securities fraud.

A.    **Conspiracy**

I will now instruct you on conspiracy. The relevant

portion of the conspiracy statute, Title 18, United States Code,

Section 371, provides, in relevant part that it shall be

unlawful for "two or more persons [to] conspire either to commit

any offense against the United States, or to defraud the United

States, or any agency thereof in any manner or for any purpose,

and one or more of such persons do any act to effect the object

of the conspiracy[.]"

A conspiracy is a kind of criminal partnership, at the

heart of which is an agreement or understanding by two or more

persons to violate other laws. A conspiracy to commit a crime is

55

an entirely separate and different offense from the underlying crime that the conspirators intended to commit. Thus, if a conspiracy exists, it is still punishable as a crime, even if it should fail to achieve its purpose. A defendant may be found guilty of conspiracy even if he was incapable of committing the substantive crime. Consequently, for a defendant to be guilty of conspiracy, there is no need for the government to prove that he or any other conspirator actually succeeded in their criminal goals or even that they could have succeeded.

To prove the crime of conspiracy to commit securities fraud, the government must prove four elements beyond a reasonable doubt:

<u>First</u>, that two or more persons entered into an agreement to commit securities fraud, as I have defined the crime of securities fraud on page 35;

<u>Second</u>, that the defendant knowingly and intentionally became a member of the conspiracy; and

<u>Third</u>, that one of the members of the conspiracy committed at least one of the overt acts charged in the Superseding Indictment; and

56

Fourth, that at least one overt act was in furtherance
of some object or purpose of the conspiracy as charged in the
Superseding Indictment.

### 1. First Element: Existence of the Agreement

The first element that the government must prove
beyond a reasonable doubt for Counts One and Four is that two or
more persons entered into the charged agreement to commit
securities fraud. One person cannot commit a conspiracy alone.
Rather, the proof must convince you that at least two persons
joined together in a common criminal scheme. The government need
not prove that members of the conspiracy met together or entered
into any express or formal agreement. You need not find that the
alleged conspirators stated, in words or writing, what the
scheme was, its object or purpose, or the means by which the
scheme was to be accomplished. It is sufficient to show that the
conspirators tacitly came to a mutual understanding to
accomplish an unlawful act by means of a joint plan or common
design.

You may, of course, find that the existence of an
agreement between two or more persons to violate the law has
been established by direct proof. But since, by its very nature,
a conspiracy is characterized by secrecy, direct proof may not

57

be available. Therefore, you may infer the existence of a conspiracy from the circumstances of this case and the conduct of the parties involved. In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words. In determining whether an agreement existed here, you may consider the actions and statements of all those you find to be participants in the conspiracy as proof that a common design existed to act together for the accomplishment of the unlawful purpose stated in the Superseding Indictment.

2. Second Element: Membership in the Conspiracy

The second element the government must prove beyond a reasonable doubt for Counts One and Four is that the defendant knowingly and intentionally became a member in the charged conspiracy. I have explained to you what it means to act knowingly and intentionally. A person acts knowingly and intentionally if he acts voluntarily, deliberately, and purposefully, and not because of ignorance, mistake, accident, negligence or carelessness. In other words, did the defendant participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective? Knowledge and intent may be inferred from a secretive or irregular manner in which activities are carried

58

out. Whether a defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

In order for a defendant to be deemed a member of a conspiracy, he need not have had a stake in the venture or its outcome. While proof of a financial or other interest in the outcome of a scheme is not essential, if you find that a defendant did have such an interest, it is a factor you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the Superseding Indictment.

A defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

A defendant's knowledge may be inferred from the facts proved. In that connection, I instruct you that, to become a member of the conspiracy, a defendant need not have been apprised of all of the activities of all members of the conspiracy. Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the

conspiracy in order to justify an inference of knowledge on his part. In addition, a defendant need not have joined in all of the conspiracy's unlawful objectives.

In considering whether a defendant participated in a conspiracy, be advised that a conspirator's liability is not measured by the extent or duration of his participation as he need not have been a member of the conspiracy for the entire time of its existence. In addition, each member of the conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. Even a single act may be sufficient to draw a defendant within the ambit of the conspiracy. The key inquiry is simply whether a defendant joined the conspiracy charged with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.

I caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is

60

required under the law. What is required is that a defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends. In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.

### 3. Third Element: Overt Acts

The government must prove that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Superseding Indictment, as I read them before.

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the Superseding Indictment be proven or that the overt act was committed at precisely the time alleged in the Superseding Indictment. It is sufficient if you are convinced beyond a reasonable doubt that the overt act occurred at or about the time and place stated. Similarly, you need not find that the defendant himself committed the overt act. It is sufficient for the government to show that one of the conspirators knowingly

61

committed an overt act in furtherance of the conspiracy, since, in the eyes of the law, such an act becomes the act of all of the members of the conspiracy.

    4. <u>Fourth Element: In Furtherance of Some Objective of the Conspiracy</u>

If you find that overt act or acts were committed, the government must prove beyond a reasonable doubt that the overt act or acts were done specifically to further some objective of the conspiracy.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of the conspiracy as charged in the Superseding Indictment. In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. Therefore, you are instructed that the overt act does not have to be an act which, in and of itself, is criminal or constitutes an objective of the conspiracy.

In sum, in order to prove that ~~the defendant MARTIN SHKRELI~~Mr. Shkreli is guilty of Counts One and Four, the government must prove, beyond a reasonable doubt: 1) that Mr. Shkreli entered into an agreement with one or more individuals ~~the purpose of the conspiracy was~~ to commit securities fraud; 2) that ~~the defendant~~Mr. Shkreli knowingly and intentionally joined the conspiracy; 3) that at least one of the overt acts alleged in the Superseding Indictment was committed by at least one member of the conspiracy; and 4) that the overt act was committed specifically to further some objective of the conspiracy.

If you find that the government has not proven any one of these elements, then you must find ~~the defendant~~Mr. Shkreli not guilty of Counts One and Four.

B.     **Venue**

I have explained to you the elements the government must prove beyond a reasonable doubt as to Counts One and Four. The government also must prove venue. As I explained to you earlier, the government must prove venue only by a preponderance of the evidence. I remind you that to establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not.

63

I have already explained venue for the securities
fraud counts charged in Counts Three and Six.  To establish
venue for conspiracy to commit securities fraud as charged in
Counts One, Four and Eight or conspiracy to commit wire fraud as
charged in Counts Two, Five and Seven, the government must prove
that it is more likely than not that an overt act in furtherance
of the conspiracy was committed in the Eastern District of New
York, which consists of the Counties of Kings (also known as
Brooklyn), Queens, Richmond (also known as Staten Island),
Nassau, and Suffolk. The overt act does not have to be an overt
act that is charged in the Superseding Indictment in furtherance
of the conspiracy. In this regard, the government need not prove
that the crime charged was committed in the Eastern District of
New York or that the defendantMr. Shkreli or any alleged co-
conspirator was even physically present here.  It is sufficient
to satisfy the venue requirement if an overt act in furtherance
of the conspiracy occurred within the Eastern District of New
York.  This includes not just acts by the defendantMr. Shkreli
or his co-conspirators, but also acts that the conspirators
caused others to take that materially furthered the ends of the
conspiracy.

64

Therefore, if you find that it is more likely than not that an overt act in furtherance of the conspiracy took place in the Eastern District of New York, the government has satisfied its burden of proof as to venue as to Counts One, Two, Four, Five, Seven and Eight.  Again, I caution you that the preponderance of the evidence standard applies only to venue. The government must prove each of the elements of all the counts beyond a reasonable doubt.

\* \* \* \* \*

In sum, if you find that the government has failed to prove any one of the elements for either Count One for MSMB Capital or Count Four for MSMB Healthcare, beyond a reasonable doubt, then you must find ~~the defendant~~Mr. Shkreli not guilty of securities fraud conspiracy for that count.  To find ~~the defendant~~Mr. Shkreli guilty of conspiring to commit securities fraud as charged in Count One or Count Four, you must find that the government has proven, beyond a reasonable doubt, each element of the conspiracy to commit securities fraud in Count One for MSMB Capital or Count Four for MSMB Healthcare, and that the government has also established venue for that count by a preponderance of the evidence.

65

## COUNTS TWO AND FIVE: Conspiracy to Commit Wire Fraud

I will now instruct you on the wire fraud conspiracy charges. Count Two of the Superseding Indictment charges ~~the defendant MARTIN SHKRELI~~Mr. Shkreli with conspiracy to commit wire fraud as to MSMB Capital, and Count Five charges him with conspiracy to commit wire fraud as to MSMB Healthcare.

Count Two of the Superseding Indictment charges ~~the defendant MARTIN SHKRELI~~Mr. Shkreli with conspiracy to commit wire fraud in connection with MSMB Capital as follows:

> In or about and between September 2009 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud investors and potential investors in MSMB Capital, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

Count Five of the Superseding Indictment charges ~~the defendant MARTIN SHKRELI~~Mr. Shkreli with conspiracy to commit wire fraud in connection with MSMB Healthcare as follows:

> In or about and between February 2011 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere,

the defendant MARTIN SHKRELI, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud investors and potential investors in MSMB Healthcare, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

A.   **Conspiracy to Commit Wire Fraud**

I have already explained what it means to conspire to commit an offense. As a reminder, the government need not prove that ~~the defendant~~Mr. Shkreli actually committed the unlawful acts charged as the object of the conspiracy in Counts Two and Five, that is, wire fraud. Rather, the government must prove each one of the following two elements beyond a reasonable doubt:

First, that two or more persons entered into an agreement to commit wire fraud; and

Second, that ~~the defendant~~Mr. Shkreli knowingly and intentionally became a member of the conspiracy.

The ~~third and fourth~~ overt act elements on which I instructed you with respect to Counts One and Four, which charge

67

conspiracy to commit securities fraud, <u>do not apply</u> to Counts

Two and Five, which charge conspiracy to commit wire fraud.

    ~~***Authority***~~: ~~*Roy*, 783 F.3d at 420 (overt act elements~~
~~not required for Section 1349 wire fraud conspiracy).~~

B.    **Wire Fraud: Definition and Elements**

        I will now define wire fraud, which is alleged to be

the object of the conspiracy charged in Count Two involving MSMB

Capital, and Count Five involving MSMB Healthcare. The relevant

statute regarding wire fraud is Section 1343 of Title 18 of the

United States Code, which provides that:

>           Whoever, having devised or intending to devise any
>           scheme or artifice to defraud, or for obtaining money
>           or property by means of false or fraudulent pretenses,
>           representations, or promises, transmits or causes to
>           be transmitted by means of wire, radio, or television
>           communication in interstate or foreign commerce, any
>           writings, signs, signals, pictures or sounds for the
>           purpose of executing such scheme or artifice, shall be
>           [guilty of a crime].
>
>           The elements of wire fraud are:

<u>First</u>, that there was a scheme or artifice to defraud

or to obtain money or property by false and fraudulent

pretenses, representations or promises, as alleged in the

Superseding Indictment;

        <u>Second</u>, that the defendant knowingly and willfully

participated in the scheme or artifice to defraud, with

knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant used or caused the use of interstate wires.

### 1. First Element – Existence of a Scheme or Artifice to Defraud

The first element of wire fraud is that there was a scheme or artifice to defraud investors and potential investors in MSMB Capital as to Count Two, and MSMB Healthcare as to Count Five, and to obtain money or property from them by means of false or fraudulent pretenses, representations or promises.

A "scheme or artifice" is simply a plan for the accomplishment of an objective. "Fraud" is a general term which embraces all the various means that an individual can devise and that are used by an individual to gain an advantage over another by false representations, suggestions, suppression or omission of the truth, or deliberate disregard for the truth.

A "scheme or artifice to defraud" for the purposes of the wire fraud statute is any plan, device, or course of action designed to obtain money or property by means of false representations. Thus, a "scheme to defraud" is a plan to deprive another of money or property by trick, deceit, deception

69

or swindle, or overreaching.  The schemes to defraud giving rise to the wire fraud conspiracy chargeds in Counts Two and Five are alleged to have been carried out by making false representations.  A statement, representation, claim, or document is false if it is untrue when made and was known at the time to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half-truths or the concealment or omission of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.  The fraudulent representation must relate to a material fact or matter.  A material fact in the context of wire fraud is one that reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.[2]

---

[2] *See* Sand 44-4 (First Element – Existence of Scheme or Artifice to Defraud); *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017) ("A statement is material if the misinformation or omission would naturally tend to lead or is capable of leading a reasonable person to change his conduct." (internal quotations and citations omitted)); *United States v. Corsey*, 723 F.3d 366, 373 (2d Cir. 2013), *as corrected* (July 24, 2013) ("a lie . . . is material . . . if it would affect a reasonable person's evaluation of a proposal"); *Neder v. United States*, 527 U.S. 1, 16 (1999) ("In general, a false statement is material if it has a natural tendency to influence, or is

The deception need not be premised upon spoken or written words alone. The arrangement of words, or the circumstances in which they are used may convey a false and deceptive appearance.  If there is intentional deception, the manner in which it is accomplished does not matter.

In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property. Property includes intangible assets such as the right to control the use of one's assets.  The right to control one's assets is injured when an individual or entity is deprived of potentially valuable economic information he or she would consider valuable in deciding how to use his, her, or its assets.  The loss of the right to control assets only constitutes deprivation of money or property if the scheme could cause or did cause tangible economic harm to the victim.[3]

---

capable of influencing, the decision of the decisionmaking body to which it was addressed.").

[3] *See United States v. Finazzo*, 850 F.3d 94, 112, 113 n.20 (2d Cir. 2017) (listing cases referencing the "potentially valuable economic information" formulation of the right to control charge, and proposing the inclusion of "tangible economic harm" in the instruction).

It is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

~~*Authority*: Sand, 44-4 (First Element – Scheme or Artifice to Defraud); *United States v. Finazzo*, 850 F.3d 94, 112, 113 n.20 (2d Cir. 2017).~~

2. Second Element – Participation in Scheme with Intent

The second element of wire fraud is that the defendant participated in the scheme to defraud knowingly, willfully and with the specific intent to defraud.

I already instructed you as to the meaning of "knowingly" and "willfully." I refer you to those instructions as they apply here also. For the purposes of the wire fraud statute, an "intent to defraud" means to act knowingly and with specific intent to deceive for the purpose of causing some financial or property loss to another.[4]

I will remind you, however, that the question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves the defendant's state of mind. As I said before, direct proof of knowledge and

---

[4] ~~*See Finazzo*, 850 F.3d at 108 (definition of "intent to defraud" for wire fraud); Sand, 44-5(Second Element – Participation in Scheme with Intent).~~

fraudulent intent is not necessary. The ultimate facts of
knowledge and criminal intent, though subjective, may be
established by circumstantial evidence, based upon a person's
outward manifestations, his or her words, his or her conduct,
his or her acts and all the surrounding circumstances disclosed
by the evidence and the rational or logical inferences that may
be drawn from them. Circumstantial evidence, if believed, is of
no less value than direct evidence.

        Under the wire fraud statute, even false
representations or statements, or omissions of material facts,
do not amount to a fraud unless done with fraudulent intent.
However misleading or deceptive a plan may be, it is not
fraudulent if it was devised or carried out in good faith. An
honest belief in the truth of the representations made by a
defendant is a complete defense, however inaccurate the
statements may turn out to be.  A defendant, however, has no
burden to establish a defense of good faith.
There is another consideration to bear in mind in deciding
whether or not the defendant acted in good faith. You are
instructed that if the defendant conspired to commit wire fraud,
then a belief by the defendant, if such a belief existed, that
ultimately everything would work out so that no one would lose

any money does not require you to find that the defendant acted

in good faith. No amount of honest belief on the part of the

defendant that the scheme would, for example, ultimately make a

profit for investors, will excuse fraudulent actions or false

representations caused by him to obtain money or property. I

reiterate, however, that an "intent to defraud" for the purposes

of the wire fraud statute means to act knowingly and with

specific intent to deceive for the purpose of causing financial

loss or property loss to another.[5] As a practical matter, then,

you may find intent to defraud if the defendant knew that his

conduct as a participant in the scheme was calculated to deceive

and, nonetheless, he associated himself with the alleged

fraudulent scheme for the purpose of causing loss to another.


        **Authority**: Sand, 44-5 (Second Element – Participation
in Scheme with Intent); *United States v. Pierce*, 224 F.3d 158,
165 (2d Cir. 2000) (intent to deceive, without more, is not
sufficient under the wire fraud statute).

---

[5] *See United States v. Finazzo*, 2017 WL 922966 at *2 (2d Cir. March 7, 2017)
(affirming the use of a "no ultimate harm" charge where the defense
emphasized at trial that the alleged victim "was ultimately quite successful
over the time period of the [defendant's] alleged fraud" and where the trial
court emphasized, immediately after giving the charge, that the government
was required to show that the defendant "engaged in the alleged fraudulent
scheme 'for the purpose of causing loss to another.'").

### 3. Third Element – Use of the Wires

The third and final element of wire fraud is the use of an interstate or international wire communication in furtherance of the scheme to defraud. The wire communication must pass between two or more states, or it must pass between the United States and a foreign country. A wire communication includes a wire transfer of funds between banks in different states, telephone calls, emails and facsimiles between two different states.

The item sent through the wires need not itself contain a fraudulent representation. However, it must further or assist in the carrying out of the scheme to defraud. It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

I remind you that the government need not prove that ~~the defendant MARTIN SHKRELI~~Mr. Shkreli actually committed wire fraud, the unlawful act charged as the object of the conspiracy in Counts Two and Five. Rather, what the government must prove beyond a reasonable doubt is that the purpose of the conspiracy

75

was to commit wire fraud, and that the defendant knowingly and intentionally joined that conspiracy.

> *Authority*: Sand, 44-7 (Use of the Wires).

C.    **Venue**

I have previously instructed you on venue for conspiracy counts. Those instructions apply here.

* * * * *

In sum, if you find that the government has failed to prove either of the elements of conspiracy for either Count Two for MSMB Capital or Count Five for MSMB Healthcare, beyond a reasonable doubt, then you must find the defendantMr. Shkreli not guilty of wire fraud conspiracy for that count. To find the defendantMr. Shkreli guilty of conspiracy to commit wire fraud as charged in Count Two or Count Five, you must find that the government has proven, beyond a reasonable doubt, both elements of conspiracy as charged in Count Two for MSMB Capital or Count Five for MSMB Healthcare, and that the government has also established venue on that count by a preponderance of the evidence.

**COUNT SEVEN**

Count Seven of the Superseding Indictment charges ~~the defendant MARTIN SHKRELI~~Mr. Shkreli with wire fraud conspiracy in connection with **Retrophin** as follows:

> In or about and between February 2011 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud Retrophin, and to obtain money and property from Retrophin by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

A.    **Conspiracy to Commit Wire Fraud**

I have already explained what it means to conspire to commit an offense. Those same instructions apply to Count Seven. I further remind you that the government need not prove that ~~the defendant MARTIN SHKRELI~~Mr. Shkreli actually committed wire fraud, the unlawful act charged as the object of the conspiracy in Count Seven. Rather, the government must prove each one of the following two elements beyond a reasonable doubt:

First, that two or more persons entered into an agreement to commit wire fraud; and

Second, that the defendant knowingly and intentionally became a member of the conspiracy.

B.   **Wire Fraud**

I have already instructed you on the elements of wire fraud. Those same instructions apply to Count Seven. As a reminder, as I instructed you on page 67, the elements of wire fraud are:

First, that there was a scheme or artifice to defraud or to obtain money or property by false and fraudulent pretenses, representations or promises, as alleged in the Superseding Indictment. A fraudulent representation may include the failure to disclose material information if the defendant was under a legal, professional or contractual duty to make such a disclosure. You have heard testimony regarding the fiduciary duties of corporate officers and directors. One such duty, the duty of loyalty, mandates that the best interest of the corporation and its shareholders takes precedence over any interest possessed by a director or officer, and not shared by the stockholders generally.  However, in order for a failure to disclose material information to constitute a fraudulent representation for purposes of the wire fraud statute, the defendant must have actually known such disclosure was required

78

to be made, and must have failed to make such disclosure with
the intent to defraud.

Second, that the defendant knowingly and willfully
participated in the scheme or artifice to defraud, with
knowledge of its fraudulent nature and with specific intent to
defraud; and

Third, that in the execution of that scheme, the
defendant used or caused the use of interstate wires.

Specifically, as to Count Seven, the government
alleges that ~~the defendant MARTIN SHKRELI~~Mr. Shkreli, together
with others, conspired to defraud Retrophin by causing it to:
(i) transfer Retrophin shares to MSMB Capital even though MSMB
Capital never invested in Retrophin; (ii) enter into settlement
agreements with defrauded MSMB Capital and MSMB Healthcare
investors to settle liabilities owed by the MSMB Funds and
SHKRELI; and (iii) enter into a sham consulting agreement with a
defrauded MSMB Capital or Elea Capital investor as an
alternative means to settle liabilities owed by the MSMB Funds
and SHKRELI. You can find ~~the defendant MARTIN SHKRELI~~Mr.
Shkreli guilty of Count Seven only if the government has proven
both elements of the conspiracy beyond a reasonable doubt as to

79

one of the above means specified in (i), (ii), or (iii), or as to any one of the settlement and consulting agreements, but you must be unanimous as to that finding.

C.   **Venue**

I have previously instructed you on venue for wire fraud conspiracy. Those instructions apply here.

**COUNT EIGHT**

Count Eight of the Superseding Indictment ~~charges the defendant MARTIN SHKRELI~~Mr. Shkreli with conspiracy to commit securities fraud in connection with **Retrophin** as follows:

> In or about and between November 2012 and September 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowingly and willfully conspire to use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the United States Securities and Exchange Commission, Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which would and did operate as a fraud and deceit upon investors and potential investors in Retrophin, in connection with the purchase and sale of securities of Retrophin, directly and indirectly, by use of means and instrumentalities of interstate commerce and the mails, contrary to Title 15, United States Code, Sections 78j(b) and 78ff.

80

In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, committed and caused to be committed, among others, the following overt acts:

a. On or about December 12, 2012, Evan Greebel (~~"Greebel"~~) sent an email to ~~Co-Conspirator 1~~Marek Biestek, attaching six stock purchase agreements, and stated, in part, "attached are purchase agreements for the acquisition of the [unrestricted] stock. . . . Please ask each person to sign the last page and return it to me."

b. On or about December 13, 2012, Evan Greebel sent an email to ~~Co-Conspirator 1~~Marek Biestek and another one of the seven employees and contractors who received unrestricted or free trading shares, and stated, in part, "Please send me an email confirming the following: I represent that I am not an officer, a director, or holder of 10% or more of the outstanding equity securities of Desert Gateway and do not, alone or together with any other person, exercise control over Desert Gateway."

c. On or about December 17, 2012, SHKRELI sent an email to all employees, copying six of the seven employees and contractors who received unrestricted and free trading shares, and stated that Retrophin now had four employees and that everyone else, including the employees and contractors who received the unrestricted or free trading shares, were no longer employees or consultants to Retrophin or MSMB even though they could continue using Retrophin's office space as a courtesy.  SHKRELI then forwarded this email to Evan Greebel.

d. On or about December 20, 2012, Evan Greebel sent an email to SHKRELI, attaching a Schedule 13D, and stated, "Attached is a draft of the 13D. We should discuss."

81

e. On or about December 20, SHKRELI filed a Schedule 13D with the SEC that failed to disclose his control over any of the unrestricted or free trading shares.

f. On or about January 2, 2013, SHKRELI sent an email to Evan Greebel requesting Evan Greebel's thoughts on a draft email that SHKRELI wanted to send to one of the seven employees and consultants who received unrestricted or free trading shares and who was selling his RTRX stock. In the draft email, SHKRELI stated, in part, "I have decided to commence litigation against you for failing to honor the agreement we made in our office on December 10th. You agreed to work for MSMB . . . Instead you have failed to come to the office and will not even return my telephone calls." Less than thirty minutes later, Evan Greebel replied to SHKRELI, and stated, "Very risky given what you[r] agreement was – could be opening a much bigger can of worms."

g. On or about January 18, 2013, Greebel sent an email to SHKRELI, and stated, in part, "I just need the [$100,000] and can be patient again; ive [sic] gotten you out of paying a lot of people, I cant [sic] be left stuck at this point on this." Later that day, Greebel sent another email, and stated, in part, "[I've] repeadtedy [sic] done all you ask and very rarely chase you for money."

gh. On or about February 19, 2013, SHKRELI filed an amended Schedule 13D with the SEC that failed to disclose his control over any of the unrestricted or free trading shares.

hi. On or about March 8, 2013, Evan Greebel sent an email to SHKRELI, and stated, "[John Doe 1Michael Fearnow] and the 'purchasers' are signing an amendment to their purchase agreement and in the amendment the 'purchaser' is directing [John Doe 1Michael Fearnow] to have the stock delivered to the designated people."

ij. On or about April 10, 2013, Evan Greebel sent an email to John Doe 1Michael Fearnow and SHKRELI, and stated, in part, "The 50k [unrestricted or free

trading] shares that were owed to [~~Co-Conspirator 1~~Marek Biestek] should be broken down as follows . . . ."

~~j~~k. On or about May 9, 2013, in response to an email from Evan Greebel requesting the source of unrestricted or free trading shares to settle a dispute with a defrauded MSMB Healthcare investor, SHKRELI stated, "Take from anyone – I don't care – do the math?"

~~l. On or about January 15, 2014, Greebel sent an email to SHKRELI concerning a request by Investor 1 for, *inter alia*, 100,000 unrestricted or free trading shares and stated, in part, "As you may recall, we discussed that [Co-Conspirator 1]could transfer 100k shares of stock to [Investor 1] and we could have the board approve a 100k grant of new RTRX stock to [Co-Conspirator 1]." In response, SHKRELI stated, in part, "Smarter thing to do is to give him 200K restricted stock and have him swap any and all he wants for free trading from our employees."~~

A.   **Conspiracy**

Again, I already instructed you on conspiracy generally (see page 55). Those same instructions apply here. As a reminder, the government need not prove that ~~the defendant MARTIN SHKRELI~~Mr. Shkreli actually committed securities fraud, the unlawful acts charged as the objects of the conspiracy in Count Eight. Rather, the government must prove, beyond a reasonable doubt, the following:

First, that two or more persons entered into an agreement to commit securities fraud;

Second, that the defendant knowingly and intentionally became a member of the conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the Superseding Indictment; and

Fourth, that the overt act or acts that you find were committed were done specifically to further some objective of the securities fraud conspiracy.

B.  **Securities Fraud**

I have already instructed you on the elements of securities fraud at page 353 of these instructions. As a reminder, the elements of securities fraud are:

First, in connection with the purchase or sale of a security, toMARTIN SHKRELI did one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) madke an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

84

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

Second, to act willfully, knowingly and with the intent to defraud,

Third, to knowingly use, or caused to be used, any means or instrumentalities of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.  Any conduct that is designed to deceive or defraud investors by controlling or artificially affecting the price of securities is prohibited.  An essential element of manipulation of securities is the deception of investors into believing that the prices at which they purchase and sell securities are determined by the natural interplay of supply and demand.

C.     **Venue**

I have previously instructed you on venue for securities fraud conspiracy. Those instructions apply here.

### III.   Defenses

1.     **Good Faith**

Good faith is a complete defense to the charges in this case.  If the defendant believed in good faith that he was

acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

If you believe that ~~the defendant~~Mr. Shkreli believed in the truth of the representations that he made, then it does not make any difference if the representations were untrue. The burden of establishing lack of good faith and criminal intent rests on the government. A defendant is under no burden to prove his good faith; rather, the government must prove bad faith or knowledge of falsity beyond a reasonable doubt.

As a reminder, I instruct you that when considering the defense of good faith, you consider it in conjunction with my instructions on pages 44 and 73, regarding the defendant's belief, if such belief existed, that ultimately everything would work out so that no one would lose money.

2. <u>**Reliance on Counsel**</u>

You have heard evidence that, with regard to Counts Seven and Eight, ~~the defendant~~Mr. Shkreli received advice from a lawyer, and you may consider that evidence in deciding whether ~~the defendant~~Mr. Shkreli acted willfully and with knowledge, and with fraudulent intent.

86

The mere fact that ~~the defendant~~Mr. Shkreli may have received legal advice does not, in itself, necessarily constitute a complete defense. Instead, you must consider whether:

>(1) ~~the defendant~~Mr. Shkreli honestly and in good faith sought the advice of a competent lawyer as to what he may lawfully do;

>(2) whether he fully and honestly laid all the facts before his lawyer; and

>(3) whether in good faith he honestly followed such advice, relying on it and believing it to be correct.

In short you should consider whether, in seeking and obtaining advice from a lawyer, ~~the defendant~~Mr. Shkreli intended that his acts shall be lawful. If he did so, it is the law that a defendant cannot be convicted of a crime that involves willful and unlawful intent, even if such advice was an inaccurate construction of the law.

On the other hand, a defendant cannot willfully and knowingly violate the law and excuse himself from the consequences of his conduct by arguing that he followed the advice of his lawyer.

87

Whether ~~the defendant~~Mr. Shkreli acted in good faith for the purpose of seeking guidance as to the specific acts in this case, whether he made a full and complete report to his lawyer, and whether he acted substantially in accordance with the advice received, are questions for you to determine.

~~*Authority*: Sand, 1-8 (Reliance on Counsel).~~

## IV.  CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to the charges in this case and the processes by which you should weigh the evidence and determine the facts.  In a few minutes, you will retire to the jury room for your deliberations.

## 1.  Selection of a Foreperson

When you retire, you will choose one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.  In order for your deliberations to proceed in an orderly fashion, you must have a foreperson, but of course, his or her opinion or vote are not entitled to any greater weight than that of any other juror.

88

<u>**Draft Jury Instructions**</u>
<u>**July 26, 2017 Court Ex. 2**</u>

2. <u>**Verdict & Deliberations**</u>

The government, to prevail, must prove the essential elements by the required degree of proof, as already explained in these instructions. If the government succeeds, your verdict should be guilty as to the count; if it fails, your verdict should be not guilty as to the count. To report a verdict, it must be unanimous.

Your function is to weigh the evidence in the case and determine whether or not the defendant is guilty, based solely upon such evidence.

Each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation — to discuss and consider the evidence; to listen to the views of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence — if you can do so without violence to your own individual judgment.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case.

But you should not hesitate to change an opinion that, after discussion with your fellow jurors, appears erroneous. However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict, whether guilty or not guilty, must be unanimous.

As you deliberate, your function is to weigh the evidence in the case and to determine whether the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon a defendant, if he is convicted, to influence your verdict, or in any way enter into your deliberations. The duty of imposing punishment rests exclusively with the court.

In addition, during your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the internet, any internet service, any

90

text or instant messaging service, any internet chat room, blog,
or website such as Facebook, MySpace, Instagram, LinkedIn,
YouTube, or Twitter, to communicate to anyone any information
about this case or to conduct any research about this case.  In
other words, you cannot talk to anyone on the phone, correspond
with anyone, or electronically communicate with anyone about
this case, except with your fellow jurors in the jury room
during deliberations.

        Along the same lines, you should not try to access any
information about the case or do research on any issue that
arose during the trial from any outside source, including
dictionaries, reference books, or anything on the Internet.
Information that you may find on the Internet or in a printed
reference might be incorrect or incomplete. In our court system,
it is important that you not be influenced by anyone or anything
outside this courtroom. Your sworn duty is to decide this case
solely and wholly on the evidence that was presented to you in
this courtroom.

        ~~Sand, 9-7 (Verdict); 2-21 (Contact with Others); 9-1
(Punishment).~~

91

3.   __Note-Taking__

Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case.  Do not assume simply because something appears in a juror's notes that it necessarily took place in court.  Instead, it is your collective memory that must control as you deliberate upon the verdict.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.

4.   __Communications with the Court__

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson or by one or more other members of the jury. No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than a signed writing.  I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.  Do not ever disclose how the jury stands numerically or otherwise on the question of guilt or innocence.

<u>**Draft Jury Instructions**</u>
<u>July 26, 2017 Court Ex. 2</u>

5.   <u>**Right to See Evidence**</u>

You will have the exhibits and a list of exhibits received in evidence during the course of the trial in the jury room with you.  If you wish to have any portion of the testimony repeated, you may simply indicate that in a note.  Be as specific as you can be if you make such a request.  Let us know which exhibit or which part of which witness's testimony you want to hear, and please be patient while we locate it.  If you need further instructions on any point of law, you should also indicate that in a note.

6.   <u>**Return of Verdict**</u>

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate in the note what the verdict is.

To report a verdict, it must be unanimous, and you must be prepared to render a verdict for the defendant as to each count of the Superseding Indictment.  To help you, I have prepared a verdict form that may be of assistance to you in your deliberations.  On the verdict sheet are spaces marked "guilty" or "not guilty" for each count.  The form is in no way intended to indicate how you must deliberate or decide the facts of this case.  The foreperson should use a check mark in the appropriate

93

space indicating "guilty" or "not guilty" for each count of the

Superseding Indictment with which ~~the defendant~~Mr. Shkreli is

charged.   The foreperson should also place his or her initials

and the date beside each mark on the verdict form.

7.   **Conclusion**

Finally, I want to remind you of the oath you took

when you were sworn as a juror at the beginning of this case.

Remember, in your deliberations, that this case is no passing

matter for the government or ~~the defendant~~Mr. Shkreli.   The

parties and the court rely upon you to give full and

conscientious deliberation and consideration to the issues and

evidence before you.   By so doing, you carry out to the fullest

your oaths as jurors:   to well and truly try the issues of this

case and a true verdict render.

Before asking you to retire and begin your

deliberations, let me first consult with counsel to be certain I

have not overlooked any point.

94