# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
ALEX SPIRO

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN N.Y. AND N.J.

August 14, 2017

**VIA ECF**

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York   11201

Re:   **United States v. Martin Shkreli, Crim. No. 15-637 (KAM)**

Dear Judge Matsumoto:

We are in receipt of Ms. Katherine Bolger's letter dated August 11, 2017 on behalf of various news agencies. We respectfully oppose the release of the names of the persons who sat as either principal or alternate jurors at the trial of U.S. v. Martin Shkreli. We oppose the release of the names principally as a matter of juror privacy and because we do not believe the law in this Circuit clearly mandates that the release of juror names is required by the First Amendment.

Ms. Bolger correctly noted that neither the U.S. Court of Appeals for the Second Circuit nor the U.S District Court in the Eastern District of New York has ruled that the First Amendment requires that the court provide the names of jurors to the press. Also, as discussed at length as part of the briefing and oral argument in connection with the press' application to be present at the *voir dire* of potential jurors, the First Amendment does not require complete openness of all aspects of a criminal trial. See Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501 (1984). Indeed, the First Amendment does not prohibit a procedure where jurors may express personal concerns in private. In fact, as was argued during the oral argument concerning the press coverage of the *voir dire* process, the Supreme Court in Press-Enterprise specifically approved of such a procedure. What was not allowed was the wholesale closure of the *voir dire* process. Accordingly, there is a well-established protocol for balancing the legitimate interest in juror privacy against the specific interest in the openness of the criminal proceeding.

Now that the trial is over, it can safely be said that this trial has been covered extensively and in great detail by the press. In fact, aspects of the press coverage have

**BRAFMAN & ASSOCIATES, P.C.**

been unprecedented to the extent that the Court permitted the press full access to all aspects of the *voir dire* process of potential jurors. From our perspective, this unprecedented access led to a spate of misleading and prejudicial coverage of these proceedings during which several news outlets falsely reported that all or nearly all of the jurors asking to be excused did so due to their hatred or disdain of the defendant. As we all know, the vast majority of jurors asking to be excused based their requests on the scheduling difficulties associated with a six week trial during the summer, and were not related to the defendant, the charges or any other aspect of the trial, aside from its length.

Central to the press' application for access to the totality of the *voir dire* process was their assurance that they would be consummately responsible in their reporting. After making this assurance to the Court, many press outlets went on to print blatant falsehoods that served to prejudice the defendant, prompting a mistrial motion. Given the demonstrated track record in this case, there is no reason to serve up the names of jurors to the press.

The trial is over. The jurors have returned to their families, their jobs and their lives. To provide their names to the press so that the press can contact them to ask them about the jury deliberation process or other things that occurred in the sanctity of the jury room is unfair to the jurors and not required by the First Amendment. More generally, jurors should know that once their service is concluded and they return to their lives that the press will not contact them to publish their names and the things that were said in private as part of the deliberation process.

For these reasons, we respectfully oppose the request for the names of the jurors in this case.

Respectfully submitted,

Benjamin Brafman
Marc Agnifilo
Andrea Zellan
Jacob Kaplan
Teny Geragos

cc:   All Counsel (via ECF)