

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JMK/LDM:CSK
F. #2014R00501

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 20, 2017

By Hand and ECF
The Honorable Kiyo A. Matsumoto
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Martin Shkreli
>        Crim. Docket No. 15-637 (KAM)

Dear Judge Matsumoto:

The government respectfully submits this letter pursuant to the Court's Order dated September 19, 2017 in response to the defendant Martin Shkreli's September 18, 2017 request (Dkt. No. 375) for release of his bail and the vacating of the restraining order ("the Restraining Order") on his E*TRADE brokerage account ("the E*TRADE account") that secured his personal recognizance bond in the amount of $5 million.  For the reasons set forth below, the government respectfully requests that these funds not be released and that the Restraining Order remain in place pending this Court's determination at sentencing on January 16, 2018 of the defendant's financial obligations arising from his sentence.

A.  Procedural Background

On December 17, 2015, the defendant was released on a $5 million bond which was to be secured by a lien on his assets.  On January 7, 2016, the government, with the consent of the defendant, applied for the Restraining Order, which provided for a lien on assets in the defendant's E*TRADE account, which at that time was represented to have a value of approximately $45 million.  (Dkt. No. 18).  The Court entered the Restraining Order that same day.  (Dkt. No. 19).   Thereafter, the Court granted two subsequent requests by the defendant for modifications of the Restraining Order.  Specifically, on July 28, 2016, the Court permitted the defendant to sell certain shares held in the E*TRADE account.  (Dkt. No. 101).  Additionally, on October 25, 2016, the Court granted the defendant's request to transfer approximately $944,959.41 from the E*TRADE account to make a partial payment to the Internal Revenue Service towards his income tax obligations.  (Docket No. 102).  In his October 24, 2016 request for that modification to the Restraining Order, the defendant represented that the value of the E*TRADE was $5 million.  (Dkt. No. 101).

On July 26, 2017, before the jury began to deliberate regarding the charges against the defendant contained in the Superseding Indictment, the defendant entered a stipulation and waiver agreeing that any forfeiture determination following the guilt phase of the criminal trial would be determined by the Court. (Dkt. No. 288). On August 4, 2017, the jury returned a verdict against the defendant, finding him guilty on Counts Three, Six and Eight of the Superseding Indictment. (Dkt. No. 305). Notably, the jury found that the defendant had committed securities fraud relating to MSMB Capital (Count Three) and MSMB Healthcare (Count Six), which were both multi-million dollar fraud schemes. On September 13, 2017, the defendant, over his objection, was remanded pending his sentencing, which is currently scheduled for January 16, 2018. (Dkt. Nos. 362, 364, 367 and 9/14/2017 Minute Entry).

B.  The Restraining Order Over the E*TRADE Account Should Remain in Place

As a threshold matter, while the defendant's recent letter application and proposed order cite no federal statute, rule or case law, it appears that in light of the use of the term "exonerated" in his submission, the application is predicated upon and attempts to rely upon Federal Rule of Criminal Procedure 46(g) ("Rule 46(g)"). Such reliance is misplaced. Unlike situations in which a third-party surety has posted an asset in connection with bail, as is contemplated by Rule 46(g), here, it is solely the defendant who posted an asset that he alone owns and controls.

Significantly, 28 U.S.C. § 2044, expressly provides that the court shall:

[o]n motion of the United States attorney . . . order any money belonging to and deposited by . . . the defendant . . . for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant. The court shall not release any money deposited for bond purposes after a plea or verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or that the defendant would suffer an undue hardship.

See United States v. Brumer, 405 Fed. Appx. 554 (2d Cir. 2011) (quoting 28 U.S.C. § 2044 and affirming district court's denial of motion to exonerate bail bond). In this case, the government respectfully requests, pursuant to 28 U.S.C. § 2044, that the Restraining Order over the assets and funds in the defendant's E*Trade account remain in place pending the defendant's sentencing, because the Court may impose an assessment, fine, restitution and/or penalty as part of his sentence. As a result of his conviction, the defendant faces mandatory forfeiture, possible restitution liability, mandatory special

assessments, as well as the potential to pay a fine. Accordingly, the E*Trade account should remain under restraint so that the funds remain available to satisfy the defendant's prospective financial obligations, especially considering that the defendant has previously represented to the Court that he has limited, illiquid assets beyond his holdings in the E*Trade account. (6/19/17 Hearing Tr. at 16-17).

***

Accordingly, for the reasons set forth herein, the government respectfully requests that the defendant's application be denied and that the Restraining Order remain in place pending the defendant's sentencing.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:     /s/Claire S. Kedeshian
        Claire S. Kedeshian
        Jacquelyn M. Kasulis
        Alixandra E. Smith
        G. Karthik Srinivasan
        Assistant U.S. Attorneys
        (718) 254-7000

cc: counsel for Martin Shkreli (via ECF)