# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN NY AND NJ

March 13, 2018

**VIA ECF**

Honorable Kiyo Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

 Re:  **United States v. Martin Shkreli, Crim. No. 15-637 (KAM)**

Dear Judge Matsumoto:

 On March 9, 2018, this Court held a sentencing hearing in the above-captioned case. At the defendant's request, the Court did not enter a Judgment of Conviction pending further briefing regarding restitution and a judicial recommendation regarding Mr. Shkreli's designation to a Federal Bureau of Prisons ("BOP") facility. We respectfully request that this Court recommend that the BOP designate Mr. Shkreli to the minimum-security camp at USP Canaan.

Richard Kocher's Restitution Request

 Although the government provided notice to all the victims in this case (see Sentencing Tr. at 5), only MSMB Healthcare investor Richard Kocher responded to the government's request and waited to do so until the morning of sentence. This request should be denied.

Legal Standard

 Under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, restitution is mandatory in all sentencing proceedings where (a) the offense was committed by fraud or deceit and (b) an identifiable victim has suffered a physical injury or pecuniary loss. 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii), (c)(1)(B). However, "[a] district court may order restitution only for

## BRAFMAN & ASSOCIATES, P.C.

losses directly caused by the conduct composing the offense of conviction. United States v. Hoey, 16 Cr. 2738, 2018 WL 1211826 at *3 (2d Cir. March 8, 2018) (summary order) (internal quotations omitted) (citing United States v. Silkowski, 32 F.3d 682, 689 (2d Cir. 1994)).

The amount of restitution is the "amount of loss caused by the specific conduct forming the basis for the offense of conviction." United States v. Gushlak, 728 F.3d 184, 195 n. 7 (2d Cir. 2013) (quoting Silkowski, 32 F.3d at 688). The government bears the burden of establishing loss amount, and "[a]ny dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." United States v. Bahel, 662 F.3d 610, 647 (2d Cir. 2011) (quoting 18 U.S.C. § 3664(e)). In addition, the MVRA requires "the defendant to pay restitution for the harms listed in the statute. 18 U.S.C. § 3663A(b). No other expense reimbursement is allowed. There is no provision in § 3663A giving the district court discretion to order any other restitution. United States v. Maynard, 743 F.3d 374, 378 (2d Cir. 2014).

### Analysis

Mr. Kocher invested $200,000 into MSMB Healthcare and received $350,000 in cash and shares of Retrophin. (Shkreli Tr. at 2384). The $200,000 that Mr. Kocher invested into MSMB Healthcare was specifically tied to Count Six—the offense of conviction. Mr. Kocher has been fully compensated for the money he invested.

Seeking a windfall, Mr. Kocher now requests $778,947.63[1] in restitution for money that Mr. Kocher spent completing a business deal not connected to Mr. Shkreli. Specifically, Mr. Kocher claims that when he did not receive a redemption of his $200,000 investment with Mr. Shkreli, Mr. Kocher borrowed $300,000 to complete an unrelated real estate project. As a result of the terms of that loan, Mr. Kocher was required to pay a total of $769,477.13, which he now seeks to be reimbursed by Mr. Shkreli.

This restitution claim is meritless. Under the MVRA, restitution is limited to specific enumerated harms listed under that statute. See 18 U.S.C. § 3663A(b). Those enumerated harms do not include business expenses. See Maynard, 743 F.3d at 380. Here, Mr. Kocher's loan and subsequent payments are Mr. Kocher's business expenses to complete his unrelated business deal. Mr. Kocher's expenses related to this business deal were not directly caused by Mr. Shkreli's conduct. As such, he is not entitled to restitution. See id. (rejecting a bank's restitution claim for hiring temporary staff as a result of the defendant's robbery because business expenses are not recoverable under the MVRA).

---

[1] Notably, this amount does not deduct the $350,000 return Mr. Kocher testified that he received. We have conferred with the government regarding this request and believe that $350,000 should be deducted from the request—leaving a balance of $428,947 if the Court deems this to be covered by the MVRA.

## BRAFMAN & ASSOCIATES, P.C.

Mr. Kocher also makes a restitution claim for $9,280.50 in attorney's fees and $190.00 in expenses to assist the United States Attorney's Office. While attorney's fees may be included under the MVRA, these fees are more than offset by the additional $150,000 that Mr. Kocher received for his investment. Additionally, the government informed counsel they will confer with Mr. Kocher regarding whether they can cover the reimbursement of expenses in connection with his testimony.

Accordingly, Mr. Kocher has been fully compensated and restitution is not appropriate.

Respectfully submitted,

Benjamin Brafman

cc:     AUSA Jacquelyn Kasulis (via ECF)
        AUSA Alixandra Smith (via ECF)
        AUSA Karthik Srinivasan (via ECF)