SLR:LDM:CSK
F.#2014R00501

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

    - against -

MARTIN SHKRELI,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

PRELIMINARY
ORDER OF FORFEITURE

15 CR 637 (S-1)(KAM)

        WHEREAS, on or about June 3, 2016, defendant MARTIN SHKRELI (the "defendant") was charged in a Superseding Indictment (the "Indictment") with multiple counts of conspiracy to commit securities fraud, conspiracy to commit wire fraud, securities fraud, and wire fraud (Counts One through Eight);

        WHEREAS, the Indictment included a forfeiture allegation seeking, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), the forfeiture of any and all property constituting or derived from proceeds obtained directly or indirectly as a result of the commission of any of the charged offenses;

        WHEREAS, on or about July 26, 2017, the defendant, by and through counsel, and the government stipulated to waive any right to have a jury determine the forfeiture, and agreed to have such determination made by the Court;

        WHEREAS, on or about August 4, 2017, a jury found the defendant guilty of Count Three (securities fraud involving MSMB Capital), Count Six (securities fraud involving MSMB Healthcare) and Count Eight (conspiracy to commit securities fraud involving Retrophin unrestricted securities) (herein the "Offenses of Conviction");

WHEREAS, based on the submissions of the parties and all proceedings herein, the Court finds that the defendant must forfeit to the United States the amount of Seven Million, Three Hundred Sixty Thousand, Four Hundred and Fifty Dollars ($7,360,450.00) (the "Forfeiture Money Judgment"), which amount represents the total amount of proceeds obtained by the defendant as a result of the Offenses of Conviction.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  The Forfeiture Money Judgment is entered against the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

2.  All payments towards the Forfeiture Money Judgment shall be made by money order, or certified or official bank check, payable to "United States Marshals Service, EDNY" with the criminal docket number noted on the face of the check.  The defendant shall cause said checks to be sent by overnight mail to the United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, <u>Attention</u>:  Asset Forfeiture Unit.

3.  The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due and shall survive bankruptcy.

4.  Finding that the conditions for the forfeiture of substitute assets set forth in 21 U.S.C. § 853(p) have been met, the defendant shall forfeit his interest in the following assets (the "Substitute Assets"), as well as all proceeds traceable thereto, up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p):

(a)  $5 million in cash that is currently held in an E*Trade brokerage account ending in the digits "0258" as security for the defendant's

<u>United States v. Martin Shkreli</u>, 15 CR 637 (S-1)
Preliminary Order of Forfeiture
Page 2

bond, pursuant to orders of the Court dated January 7, 2016, August 24, 2016 and October 19, 2017;

(b)   Vyera Pharmaceuticals (formerly known as Turing Pharmaceuticals);

(c)   the album "Once Upon A Time in Shaolin" by the Wu Tang Clan;

(d)   the album "Tha Carter V" by Lil Wayne; and

(e)   a Picasso painting.

5.   Upon forfeiture of the Substitute Assets, and following the resolution of any third-party claims, the value of the forfeited Substitute Assets shall be applied towards satisfaction of the Forfeiture Money Judgment.

6.   Subject to the terms contained herein, the United States Attorney General or his designee is authorized to seize the Substitute Assets, or any proceeds traceable thereto, to collect the Forfeiture Money Judgment, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), to conduct any proper discovery, and to commence any applicable proceeding to comply with statutes governing third-party rights, including providing requisite notice of this Order and the forfeiture of the Substitute Assets, in accordance with the provisions of 21 U.S.C. § 853(n)(1).

7.   The United States shall publish notice of this Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, and of its intent to dispose of the Substitute Assets in such a manner as the Attorney General or his designee may direct.  The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Substitute Assets.

8.   Any person, other than the defendant, asserting a legal interest in any of the Substitute Assets may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the

United States v. Martin Shkreli, 15 CR 637 (S-1)
Preliminary Order of Forfeiture
Page 3

validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c) and (d).  Any petition filed in response to notice of the forfeiture of any of the Substitute Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

9.     In accordance with Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), the government may seek to amend this Order at any time to forfeit additional substitute assets to satisfy the Forfeiture Money Judgment.

10.    Pursuant to Fed. R. Crim. P. 32.2(b)(3), 21 U.S.C. §§ 853(g) and (o), and in order to preserve the value of the Substitute Assets and ensure that any other funds and/or assets available to satisfy the Forfeiture Money Judgment are not diminished, damaged and/or dissipated pending any appeal, neither the defendant nor anyone acting on his behalf, shall take any action that would have the effect of diminishing, damaging and/or dissipating the Substitute Assets, or any funds and/or assets that may be used to satisfy the Forfeiture Money Judgment.

11.    Pursuant to Fed. R. Crim. P. 32.2(d) and 21 U.S.C. § 853(g), the execution of this Order and seizure of the Substitute Assets shall be stayed pending the final disposition of any appeal by the defendant, provided all of the following terms and conditions are fully met to ensure that such Substitute Assets, and any proceeds traceable thereto, up to the amount of the Forfeiture Money Judgment, remain available to be forfeited pending the conclusion of any appeal:

(a)     the Substitute Asset listed in subparagraph 4(a) above shall remain on

United States v. Martin Shkreli, 15 CR 637 (S-1)
Preliminary Order of Forfeiture
Page 4

Case 1:15-cr-00637-KAM   Document 540   Filed 03/05/18   Page 5 of 8 PageID #: 15868

deposit with the Clerk of Court, pending further order of this Court;

(b)    within ten (10) days of the date of entry of this Order, the defendant shall provide an accounting of his interest in the Substitute Asset listed in subparagraph 4(b), and provide the government with copies of all stock certificates or other documents evidencing such interest;

(c)    within ten (10) days of the date of entry of this Order, the defendant shall advise the government of the location of the Substitute Assets listed in subparagraphs 4(c) through 4(e) (the "Albums and the Artwork"). The defendant must obtain the government's approval as to where and how the Albums and Artwork are maintained and, if necessary, transported during the pendency of any appeal. Further, the defendant shall allow the government to inspect the Albums and Artwork at any time;

(d)    the defendant, his heirs, assigns, agents, representatives, attorneys, and/or anyone authorized and acting on his behalf, as well as all persons or entities acting in concert with any of them (hereinafter collectively referred to as "the defendant and his representatives"), are restrained, enjoined and prohibited from taking any action that would affect the availability, marketability or value of the Substitute Assets. Further, the defendant and his representatives shall take all reasonable steps, and bear all costs necessary, to ensure that all the Substitute Assets are preserved and maintained in good and marketable condition, and are not damaged, diluted or diminished in value as a result of any actions taken or not taken by the defendant and his representatives;

(e)    any income or compensation accruing from any of the Substitute Assets, including but not limited to any consideration for the defendant's interest in Vyera as a result of its acquisition, merger, or sale of assets, shall be placed in a designated interest-bearing, escrow

United States v. Martin Shkreli, 15 CR 637 (S-1)
Preliminary Order of Forfeiture
Page 5

account so that it may be made available for forfeiture. Further, the defendant shall provide the government with an accounting of any income or compensation within ten (10) days of the date received; and

        (f)     the defendant and his representatives shall not, directly or indirectly, transfer, assign, license, waste, pledge, encumber, hypothecate, distribute, dissipate, dilute or remove from the Court's jurisdiction any of the Substitute Assets. The defendant and his representatives, however, may sell the defendant's interest in the Substitute Assets, or any portion thereof, pursuant to an arms-length transaction, for fair market value, if and only if they receive prior approval of the government. To obtain the government's approval, the defendant and his representatives shall, at least thirty (30) days in advance of any proposed arms-length sale: (1) advise the government in writing of the proposed sale, and provide a copy of any proposed contract of sale and other documentation requested by the government relating to the proposed sale; (2) demonstrate that the proposed sale is an arms-length transaction for fair market value; (3) demonstrate that all parties to the proposed sale have been provided with a copy of this Order; and (4) confirm the contract and other documents relating to the proposed sale provide that the proceeds from the proposed sale, up to the amount of the Forfeiture Money Judgment, shall be placed in a designated interest-bearing, escrow account so that they may be made available for forfeiture, and provide the government with documentary proof of same. Further, within five (5) business days of any approved sale, the defendant and his representatives shall provide the government with an accounting, including an itemized statement of all proceeds generated (in any form, including but not limited to, monies, shares of stock, etc.) from the sale as well as any costs incurred in connection with the sale.

        12.     In the event that the defendant pays the Forfeiture Money Judgment in

full, as provided in paragraph 2 above, or the defendant, pursuant to subparagraphs 11(e) and (f) above, sets aside enough funds (the "Escrowed Funds") to satisfy the Forfeiture Money Judgment, and no third-party claim to the Escrowed Funds is asserted, such payment by the defendant or Escrowed Funds shall be used to satisfy the Forfeiture Money Judgment and the remaining restraints on the Substitute Assets set forth in this Order shall be vacated.

13.    In the event that the defendant fails to comply with any of the terms in paragraphs 10 through 12, above, the government may seize the Substitute Assets, up to the amount of the Forfeiture Money Judgment, notwithstanding the pendency of any appeal.

14.    Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order shall become final as to the defendant at the time of sentencing, and shall be made part of the defendant's sentence and included in the judgment of conviction.  If no third party files a timely claim, the Substitute Assets, up to the amount of the Forfeiture Money Judgment, shall be forfeited to the United States and this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

15.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

United States v. Martin Shkreli, 15 CR 637 (S-1)
Preliminary Order of Forfeiture
Page 7

16.    The Clerk of the Court is directed to send, by inter-office mail, three (3)

certified copies of this executed Order to Assistant United States Attorney Claire S. Kedeshian,

United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, 7th

Floor, Brooklyn, New York 11201.

Dated:    Brooklyn, New York
          March 5           , 2018

                                        SO ORDERED:

                                        /S/ USDJ KIYO A. MATSUMOTO
                                        HONORABLE KIYO A. MATSUMOTO
                                        UNITED STATES DISTRICT JUDGE
                                        EASTERN DISTRICT OF NEW YORK