## BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

**BENJAMIN BRAFMAN**

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN NY AND NJ

March 29, 2018

**VIA ECF**

Honorable Kiyo Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     **United States v. Martin Shkreli, Crim. No. 15-637 (KAM)**

Dear Judge Matsumoto:

Martin Shkreli respectfully submits this reply to the government's March 23, 2018 submission in support of MSMB Healthcare investor Richard Kocher's restitution claim. (Dkt. No. 564). As stated in our initial submission (Dkt. No. 558), Mr. Kocher's restitution claim should be denied on two grounds.

<u>Mr. Kocher's Distribution to His Partner Is Not a "Loss" Within the Meaning of the Mandatory Victim Restitution Act</u>

As an initial matter, Mr. Kocher and the government have not established that the payments to ▇▇▇▇ are a compensable loss under the Mandatory Victim Restitution Act ("MVRA") for the simple reason that they have not met the burden. The government has offered no evidence of the terms of the agreement between Mr. Kocher and ▇▇▇▇ other than Mr. Kocher's affidavit, which is sparse regarding the details of his agreement with ▇▇▇▇. In the absence of a signed contract or partnership agreement, the Court has no ability to assess whether payments to ▇▇▇▇ by Mr. Kocher of more than double ▇▇▇▇'s contribution are consistent with their agreement.

**BRAFMAN & ASSOCIATES, P.C.**

In addition, the government argues that Mr. Shkreli's inability to keep his promise to Mr. Kocher caused Mr. Kocher's obligation to pay his business partner, ▮, $769,477.13. (Gov't Response at 6). The government glosses over the many intervening factors that are the actual cause for Mr. Kocher's obligation to ▮, and those intervening factors require this Court to reject Mr. Kocher's restitution claim.

In December 2012, Mr. Kocher saw a business opportunity in a building in Jersey City, and he made a business decision to enter into the contract to buy that building, despite the fact that he knew or should have known that he did not have the required financing in place to close the deal. Thereafter, Mr. Kocher was responsible for satisfying the terms of that contract, not Mr. Shkreli. To meet those terms, Mr. Kocher decided to enter into a second business transaction with ▮.

The government attempts to characterize Mr. Kocher's predicament in March 2013 as one in which he had no choice, and suggests that he was "forced" to enter into the partnership agreement with ▮ to prevent losing his down payment. It was not Mr. Shkreli's responsibility to be sure that Mr. Kocher had the means to close a real estate transaction before Mr. Kocher agreed to the contract. It was Mr. Kocher's responsibility prior to entering into the contract to be sure that his financing for the deal was in his possession. He chose to execute the contract without the cash in his possession.

The government's reliance on United States v Qurashi, 634 F.3d 699 (2d Cir. 2011) is unavailing. Qurashi addressed the specific question in a limited holding of whether or not pre-judgment interest on a pecuniary loss should be included in a restitution calculation under the MVRA. ("We hold that the MVRA allows a sentencing court to award prejudgment interest in a criminal restitution order to ensure compensation 'in the full amount of each victim's losses'"). Interest that a financial institution would have earned on money that was taken in a fraud is not comparable to profit disbursed to a business partner from a pool of profit that was derived from a business deal that is unrelated to conduct of conviction.

<u>Mr. Kocher's Disbursements to ▮ Are</u>
<u>Non-Compensable Business Expenses</u>

Mr. Shkreli had nothing to do with Mr. Kocher's decision to buy the property in Jersey City, or his decision to bring in a partner. The funds that Mr. Kocher paid to ▮ are not losses that resulted from Mr. Shkreli's conduct. Those funds were paid to ▮ because Mr. Kocher wanted to buy the building in Jersey City, not because Mr. Shkreli was unable to keep his promise.

**BRAFMAN & ASSOCIATES, P.C.**

However, even if the Court determines that the payments from Mr. Kocher to ▇▇▇▇▇▇▇ were caused by Mr. Shkreli's conduct of conviction, as discussed in our initial submission, United States v. Maynard, 743 F.3d 374, 379 (2d Cir. 2014) could not be clearer;[1] Mr. Kocher's business expenses resulting from his business decisions, are not included in the MVRA and restitution is therefore not permissible.

We respectfully submit that for all the foregoing reasons, the government's application for restitution to be awarded to Mr. Kocher should be denied.

Respectfully submitted,

Benjamin Brafman

cc: AUSA Jacquelyn Kasulis (via ECF)
AUSA Alixandra Smith (via ECF)
AUSA Karthik Srinivasan (via ECF)

---

[1] "If Congress intended to include all harms directly and proximately caused by a defendant's offense, it could have done so with wording more simple and categorical…it follows that Congress intended to limit the restitutable harms covered by the MVRA." Id. (citations omitted).