

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 12, 2018

<u>By Hand and ECF</u>

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *United States of America v. Martin Shkreli*,
<u>Criminal Docket Nos. CR-15-0637 (KAM) (E.D.N.Y.)</u>

Dear Judge Matsumoto:

      The United States respectfully submits this letter in support of its motion, pursuant to 28 U.S.C. § 2044, for the entry of an order directing E*Trade to liquidate a portion of a brokerage account ending in digits "0258" (the "E*Trade Account"), in which Martin Shkreli, the defendant in the above-referenced case (the "defendant"), has an interest, and to apply the resulting liquidated funds to the defendant's outstanding fine and restitution liability. As of June 12, 2018, the defendant's outstanding fine and restitution liability is <u>$464,894.13</u>.[1] A proposed order is enclosed for Your Honor's review and signature.

      By way of background, on December 15, 2015, the defendant was arraigned on seven counts for, *inter alia*, conspiracy to commit securities fraud, conspiracy to commit wire fraud and securities fraud, related to several schemes. At that time, the defendant was released on a $5 million bond. On January 7, 2016, the Court issued a Restraining Order against the E*Trade Account, securing the defendant's $5 million bond. Docket Entry ("DE") 19. The Restraining Order was issued upon the United States' application, with the defendant's consent. The Court issued orders modifying the Restraining Order on July 28, 2016, DE 73, and on October 25, 2016, DE 102. As a result of these orders, the E*Trade Account currently contains approximately $5 million.

---

    [1] The principal balance owed on the restitution and fine liabilities are $388,212.64 and $75,000, respectively. The accrued interest on the restitution and fine liabilities are $1,409.27 and $272.22, respectively.

On August 4, 2017, after a lengthy trial, a jury returned a verdict against the defendant, finding him guilty on Counts Three, Six and Eight of a Superseding Indictment[2]. DE 305. On September 13, 2017, the Court issued an Order of Detention, pursuant to 18 U.S.C. §§ 3143 and 3145, revoking the defendant's bail and remanding him into custody. DE 367. Thereafter, the defendant made an application to exonerate his bail, which the United States opposed.

On October 19, 2017, the Court issued an order denying the defendant's application to exonerate his bail, based upon 28 U.S.C. § 2044, which provides, in relevant part: "[t]he court shall not release any money deposited for bond purposes after...a verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or that the defendant would suffer an undue hardship." The Court found: (1) that the defendant failed to establish that a fine, restitution or penalty could not be imposed for the offenses for which he was convicted, and (2) that the defendant failed to submit a sworn financial affidavit, and that his other "limited submissions" failed to support his claim that he would suffer "undue hardship" by the retention of his bond. See October 19, 2017, Electronic Order.

From November 2017 through February 2018, the defendant and the United States litigated the issue of whether and how much should be forfeited by the defendant. On February 23, 2018, the Court held a hearing regarding, among other things, the parties' forfeiture submissions. On March 5, 2018, the Court issued a Preliminary Order of Forfeiture, which, *inter alia*, found that the defendant must forfeit to the United States the amount of $7,360,450. DE 540. The Preliminary Order of Forfeiture also directed that "the defendant shall forfeit his interest in the following assets (the 'Substitute Assets'), as well as all proceeds traceable thereto, up to the amount of the Forfeiture Money Judgment." Id. at ¶ 4. The Substitute Assets include: (1) the E*Trade Account, discussed above, (2) the defendant's interest in Vyera Pharmaceuticals (formerly known as Turing Pharmaceuticals), (3) the album "Once Upon A Time in Shaolin," by the Wu Tang Clan, (4) the album "Tha Carter V," by Lil Wayne, and (5) a Picasso painting.

The Preliminary Order of Forfeiture provides that "seizure of the Substitute Assets shall be stayed pending the final disposition of any appeal by the defendant," pursuant to Fed. R. Crim. P. 32.2(d) and 21 U.S.C. § 853(g). Id. at ¶ 11. However, Rule 32.2(d) and § 853(g) apply to forfeiture proceedings; not to proceedings to enforce fines and restitution orders. See Fed. R. Crim. P. 32.2(d) and 21 U.S.C. § 853(g). Further, the Court retained jurisdiction to issue orders concerning the Substitute Assets. See Preliminary Order of Forfeiture, at ¶ 11(a).

In connection with his conviction after trial, the Court sentenced the defendant on March 9, 2018, imposing, among other things, a fine in the amount of $75,000 and a

---

[2] A Superseding Indictment had been returned on June 3, 2016. DE 60.

special assessment of $300. During the March 9 sentencing, the Court directed that, "The fine is due and payable immediately from Mr. Shkreli's assets and income from all sources." On March 26, 2018, the Court's judgment was entered on the docket, DE 566, which created a lien in favor of the United States against all of the defendant's "property and rights to property," 18 U.S.C. § 3613(c). The Court's judgment also directed that payment of the fine is "due immediately." The special assessment has been satisfied.

On April 9, 2018, the Court issued a restitution order, pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A *et seq.* Pursuant to the Court's restitution order, the judgment imposed against the defendant was amended to include restitution in the amount of $388,336.49, due and payable immediately. As set forth in the Court's amended judgment, entered on the docket on April 17, 2018, "Payment of [the] $75,000 fine, $300 special assessment and $388,336.49 restitution [is] due and payable immediately." See DE 583, p. 7.

On April 20, 2018, the Commissioner of Taxation & Finance of the State of New York (the "Commissioner") filed a verified petition for adjudication of interests, pursuant to 21 U.S.C. § 853(n)(3). See DE 591. By this petition, the Commissioner sought, among other things, to amend the Preliminary Order of Forfeiture to exclude the Substitute Assets from forfeiture up to the amount due and owing on a New York State tax debt. The Commissioner averred that, as of April 17, 2018, "there is currently due in personal income taxes from Defendant Shkreli to the Commissioner the sum of $480,011.43 … ." Id. at ¶ 23.

On May 18, 2018, the Department of Treasury, Internal Revenue Service (the "IRS"), filed a verified petition for adjudication of interests, pursuant to 21 U.S.C. § 853(n)(3). See DE 611. By this petition, the IRS claimed that "the Preliminary Order of Forfeiture be amended to exclude such assets as are necessary to fully pay Martin Shkreli's federal income tax liability for the tax year 2015." Id. The IRS averred that, "after taking into account all accruals as of May 7, 2018, and anticipated abatements, Martin Shkreli remains indebted to the United States in the amount of $1,695,397.61, plus statutory additions from and after May 7, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c)." Id. at ¶ 3.

The IRS's and Commissioner's combined claims amount to $2,175,409.04. As discussed above, there is currently approximately $5 million in the E*Trade Account. There is an outstanding balance of $464,894.13 owed on the defendant's restitution and fine liabilities. If the Court should grant the instant application, and the outstanding balance on the defendant's fine and restitution liabilities is satisfied with funds from the E*Trade Account, there will still be approximately $4.5 million left in the E*Trade Account. This will be more than enough to satisfy the IRS's and Commissioner's claims of approximately $2.175 million.

The IRS consents to the granting of the instant motion. The undersigned Assistant U.S. Attorney conferred with counsel for the Commissioner, who stated that the Commissioner takes no position at this time with regard to the government's motion. It is

respectfully submitted that the granting of the instant motion will not impair the rights of either the IRS or the Commissioner.

Title 28 U.S.C. § 2044, provides that the court shall -

> [o]n motion of the United States attorney, … order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed on the defendant.

Based on the foregoing, a portion of the money restrained for the purposes of securing the defendant's $5 million bail should be applied to the outstanding monetary penalties imposed against the defendant. The United States respectfully requests that the Court So Order the enclosed proposed order.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:        /s/
Peter A. Laserna
Assistant U.S. Attorney
(718) 254-6152

Enclosures

cc:    Martin Shkreli (via certified mail, return receipt requested)
       *Defendant*

       Counsel of Record (via ECF)

       Stephanie Weiner Chernoff, Esq. (via ECF and e-mail)
       Trial Attorney, Tax Division
       U.S. Department of Justice
       *Attorneys for Petitioner Department of Treasury, Internal Revenue Service*

       Jorge A. Rodriguez, Esq. (via ECF and e-mail)
       Assistant Attorney General, Civil Recoveries Bureau
       New York States Office of the Attorney General
       *Attorneys for Petitioner Commissioner of Taxation & Finance of New York State*