# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

MARK M. BAKER
OF COUNSEL

MARC AGNIFILO
OF COUNSEL
ADMITTED IN NY AND NJ

June 19, 2018

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>United States v. Martin Shkreli</u>, Crim. No. 15-637 (KAM)

Dear Judge Matsumoto,

On June 13, 2018 this Court ordered Martin Shkreli to respond to the government's June 12, 2018 motion (Dkt. 623, "Gov't Brief") by June 19, 2018. In that motion, the government requests that the Court order the immediate release of $464,894.13 from Mr. Shkreli's E*Trade account so that the funds can be used to satisfy the fine and restitution imposed on Mr. Shkreli as part of his sentence. (See Dkt. 583, Amended Judgment entered by the Court on April 17, 2018). Mr. Shkreli respectfully requests that the Court deny the government motion.

The E*Trade account was originally restrained at the time of Mr. Shkreli's arrest to secure his bond. At this time, the funds are also restrained as substitute assets pursuant to the Court's Preliminary Order of Forfeiture. The account currently holds approximately $5 million. The government's motion accurately recounts most of the procedural history of this matter and so we will not repeat that history here. Rather, we respectfully note that Mr. Shkreli filed his Notice of Appeal from the Amended Judgment. (Dkt. 616). Mr. Shkreli's appeal is due to be perfected on September 4, 2018, and sometime thereafter the Court of Appeals might reverse Mr. Shkreli's conviction and/or his sentence, or an aspect of his sentence, including the preliminary order of forfeiture, the fine and/or the restitution.

**BRAFMAN & ASSOCIATES, P.C.**

To support its motion, the government refers to the Court's order that states the fine and restitution are "due and payable immediately" (Gov't Brief at 2-3) and argues that despite Mr. Shkreli's pending appeal, the Court may transfer funds in Mr. Shkreli's E*Trade account for purposes of satisfying the fine and restitution. (Id. at 2.) However, Federal Rule of Criminal Procedure 32.2(d) states, in pertinent part, that:

> If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

FRCP 32.2 (d).

The government takes the position that FRCP 32.2(d) is inapplicable to fines and restitution, but offers no authority to support that position. Under FRCP 32.2 (d), funds can be transferred to a third party while an appeal is pending, if the defendant consents to the transfer. Otherwise, until the decision on appeal becomes final, the funds restrained as substitute assets for forfeiture cannot be transferred to a third party.

Mr. Shkreli does not consent to the transfer of the substitute assets held in the E*Trade account for the purpose of paying the fine and restitution components of his sentence. Accordingly, without Mr. Shkreli's consent and while the appeal is pending, it is at the very least premature for the Court to release $464,894.13 from the E*Trade account in order to satisfy the fine and restitution. Therefore, the Court should deny the government's motion.

We thank the Court for its courtesy in this and all other matters.

Respectfully,

Andrea Zellan

cc:   All Counsel (via ECF)