

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 21, 2018

<u>By Hand and ECF</u>
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *United States of America v. Martin Shkreli*,
      <u>Criminal Docket Nos. CR-15-0637 (KAM) (E.D.N.Y.)</u>

Dear Judge Matsumoto:

  In accordance with the Court's June 14, 2018, order, the government respectfully submits this reply in further support of its motion (Docket Entry 623), pursuant to 28 U.S.C. § 2044, for the entry of an order directing E*Trade to pay over funds for application to the fine and restitution imposed against the defendant, Martin Shkreli (the "Defendant"). The Defendant has opposed the government's motion based, in part, on the fact that he has filed a Notice of Appeal. <u>See</u> Docket Entry 626. The fact of an appeal alone, however, does not justify staying the fine and restitution imposed against the Defendant.

  Rule 38, which governs whether the Court should stay the fine and restitution (collectively, the "criminal monetary penalties") imposed against the Defendant, provides, in relevant part, that the Court may grant the stay on "any terms considered appropriate." Fed. R. Crim. P. 38(c) and (e)(1). "Whether or not a stay of execution of a sentence shall be granted is based upon the Court's discretion." <u>United States v. Bestway Disposal Corp.</u>, 724 F. Supp. 62, 70 (W.D.N.Y. 1988). In determining whether to grant a stay of a sentence imposing a fine or restitution, several district courts have looked to whether a defendant would "suffer irreparable harm should the stay be denied." <u>See, e.g. id.</u> (citations omitted); <u>accord</u> <u>United States v. Coluccio</u>, No. CR-87-077, 1993 WL 217133, at *1 (E.D.N.Y. June 15, 1993) (citation omitted), <u>aff'd</u>, 9 F.3d 1536 (2d Cir. 1993).

  Here, the Defendant has not alleged that he would suffer irreparable harm by the granting of the government's motion to pay over funds. Indeed, it would be difficult for the Defendant to credibly claim irreparable harm, as the government seeks to have less than 10 percent of a financial account with $5 million paid over for application to the criminal monetary penalties duly imposed against the Defendant. These are not the type of circumstances under which courts have found irreparable harm for the purposes of Rule 38.

Cf. United States v. Silver, 203 F. Supp. 3d 370, 385 (S.D.N.Y. 2016) (irreparable harm warranting a stay of fine found where defendant would be required to sell personal residences and liquidate retirement accounts, which actions would harm defendant's spouse and cause defendant to incur substantial tax penalties, in order to pay fine).[1]

In support of his argument seeking a stay, the Defendant mistakenly relies upon Federal Rule of Criminal 32.2(d). However, that provision applies exclusively to criminal forfeiture proceedings and not the collection of fines and restitution, the stays of which are governed by Rule 38. Also unavailing is the Defendant's attempt to characterize the collection of criminal monetary penalties by the government as a third-party petition in a forfeiture ancillary proceeding under Rule 32.2(c). Furthermore, even if the government could be considered a "third party" under these circumstances, Rule 32.2 is superseded by the Mandatory Victims Restitution Act. See 18 U.S.C. § 3613(a) and (f).

Accordingly, and for the reasons set forth in the government's June 12, 2018, motion, the government respectfully requests that the Court issue an order directing E*Trade to pay over funds for application to the criminal monetary penalties imposed against the Defendant. We thank the Court for its consideration of this application.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: _____/s/_____
Peter A. Laserna
Assistant U.S. Attorney
(718) 254-6152

cc: Martin Shkreli (via First Class Mail)
*Defendant*

Counsel of Record (via ECF)

---

[1] If the Court, in its discretion, does grant a stay of the criminal monetary penalties, the government respectfully submits that it would be appropriate to require the Defendant to deposit in the registry of the court the amount of the criminal monetary penalties ordered by the Court. See 18 U.S.C. § 3572(g) ("If a sentence imposing a fine is stayed, the court shall, absent exceptional circumstances (as determined by the court)--(1) require the defendant to deposit, in the registry of the district court, any amount of the fine that is due …") (emphasis added); Fed. R. Crim. P. 38(e)(2)(C) (the court may require the defendant to deposit the amount of restitution in the court's registry if an order of restitution is stayed).