```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

UNITED STATES OF AMERICA,
                                                    MEMORANDUM AND ORDER
        - against -

MARTIN SHKRELI,                                     15-CR-637 (KAM)

            Defendant.
-------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On June 12, 2018, the government moved this court for entry of an order,

> [D]irecting E*Trade to liquidate a portion of a brokerage account ending in digits "0258" (the "E*Trade Account"), in which Martin Shkreli, the defendant in the above-referenced case (the "defendant"), has an interest, and to apply the resulting liquidated funds to the defendant's outstanding fine and restitution liability.

(ECF No. 623, Motion to Liquidate Certain Assets at 1.) The E*Trade Account currently contains approximately $5,000,000. As of June 12, 2018, Mr. Shkreli owes a total of $464,894.13 in restitution and fines, including interest. (*See id*.) Additionally, the court has entered a Preliminary Order of Forfeiture as to Mr. Shkreli. (*See id.* at 2.) On June 19, 2018, Mr. Shkreli opposed the government's Motion to Liquidate

1

Certain Assets, (ECF No. 626), and on June 21, 2018, the government filed a reply in further support of its Motion to Liquidate Certain Assets. (ECF No. 627.)

I. Background

On December 15, 2015, Martin Shkreli was arraigned on seven counts related to conspiracy to commit wire fraud and securities fraud, and was released on a $5 million bond. (ECF No. 623 at 1.) An eight count Superseding Indictment was filed on June 3, 2016. (ECF No. 60, Superseding Indictment.) On January 7, 2016, the court issued a restraining order ("the Restraining Order") against Mr. Shkreli's E*Trade Account to secure Mr. Shkreli's bond. (ECF No. 19, Restraining Order.) The Restraining Order was modified twice, once on July 28, 2016 and again on October 25, 2016. (ECF No. 73, First Modification to Restraining Order; ECF No. 102, Second Modification to Restraining Order.)

On August 4, 2017, a jury returned a guilty verdict on counts 3, 6 and 8 of the Superseding Indictment. (*See* ECF No. 305, Verdict Sheet; ECF No. 583, Amended Judgment at 1.) After the jury returned its guilty verdict, on September 13, 2017, the court issued an Order of Detention, pursuant to 18 U.S.C. §§ 3142, 3143 and 3145, that revoked Mr. Shkreli's bail and remanded him into custody. (ECF No. 367, Order of Detention.)

On September 18, 2017, Mr. Shkreli applied to exonerate his bail. (ECF No. 375, Motion to Release Bond Obligation.) On October 19, 2017 the court denied Mr. Shkreli's Motion to Release Bond Obligation, pursuant to 28 U.S.C. § 2044, which establishes:

> The court shall not release any money deposited for bond purposes after ... a verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or that the defendant would suffer an undue hardship.

(Text Only Docket Order, October 19, 2017.) The court found that "Mr. Shkreli [had] not established that a fine, restitution, or penalty cannot be imposed for the offenses of which he was convicted" and "[w]ith regard to Mr. Shkreli's claim that he will suffer an 'undue hardship' . . . he has not completed a sworn financial affidavit." (*Id.*)

On March 5, 2018 the court so-ordered a Preliminary Order of Forfeiture finding that Mr. Shkreli must forfeit $7,360,450 to the United States. (ECF No. 540, Preliminary Order of Forfeiture at 2.) The Preliminary Order of Forfeiture specifically ordered Mr. Shkreli to forfeit his interest in the following substitute assets and proceeds traceable to the

3

substitute assets: (1) the E*Trade Account, discussed above, (2) the defendant's interest in Vyera Pharmaceuticals (formerly known as Turing Pharmaceuticals), (3) the album "Once Upon A Time in Shaolin," by the Wu Tang Clan, (4) the album "Tha Carter V," by Lil Wayne, and (5) a Picasso painting.  (*Id*. at ¶ 4.) Execution of the Preliminary Order of Forfeiture and seizure of the substitute assets pursuant to the order was stayed pursuant to Fed. R. Crim. P. 32.2(d) and 21 U.S.C. § 853(g), "pending the final disposition of any appeal by the defendant."  (*Id*. at ¶ 11.)  On March 9, 2018, the defendant was sentenced based on his conviction for securities fraud, pursuant to 15 U.S.C. §§ 78j(b), 78ff, and conspiracy to commit securities fraud, pursuant to 18 U.S.C. § 371.  (ECF No. 623-2, Declaration in Support of Motion to Liquidate Certain Assets at ¶ 4; *see also* ECF No. 565, Judgment.)  Mr. Shkreli's sentence included a fine of $75,000.00.  (*Id*.)  On April 9, 2018, the court issued a Restitution Order, pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A *et seq*., amending the judgment and imposing restitution in the amount of $388,336.49, due immediately.  (Text Only Docket Order, April 9, 2018; *see also* ECF No. 583, Amended Judgment.)  As set forth in the court's Amended Judgment, entered on April 17, 2018, the court ordered, "Payment of [the] $75,000 fine, $300 special assessment and $388,336.49 restitution [are] due and payable immediately."

4

(Amended Judgment at 7.)  On May 31, 2018, Mr. Shkreli filed a notice of appeal in the district court challenging the Amended Judgment.  (*See* ECF No. 616, Notice of Appeal.)

II.  Analysis

Title 28 U.S.C. § 2044 explicitly authorizes the court to "order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant" unless the defendant makes a showing that the penalty cannot be imposed for the offense committed or that the defendant would suffer undue hardship if the penalty were imposed.  28 U.S.C. § 2044.  In doing so it codifies the court's long-held discretion to apply a defendant's bail bond to fines or restitution.  *See United States v. Equere*, 916 F. Supp. 450, 452 (E.D. Pa. 1996) (citation omitted) ("Section 2044 codifies the discretion courts have long exercised, to pay, on a proper motion, bond or bail money to the parties with a legally established superior claim to it[.]  It is a simple procedural mechanism by which the government, after the purposes of bail have been served, may make a motion as a judgment creditor that the court order the bond fund be delivered to it.").  The Second

5

Circuit has held that utilizing bail bond funds to satisfy outstanding restitution and special assessment obligations is appropriate. *United States v. Brumer*, 405 F. App'x 554,556 (2d Cir. 2011) (affirming the district court's order declining to exonerate bail bond funds and instructing the clerk of court to apply the funds to outstanding restitution and special assessment obligations).

The government's request for partial liquidation of Mr. Shkreli's E*Trade Account pursuant to 28 U.S.C. § 2044 is proper and the E*Trade Account assets should be liquidated in the amount sufficient to pay Mr. Shkreli's outstanding restitution and fine liability. The government's motion established that use of the E*Trade Account funds to pay Mr. Shkreli's outstanding restitution and fine liability would not diminish Mr. Shkreli's ability to use the account to satisfy his known outstanding tax liabilities. (See ECF No. 623 at 3.) Even after payment of restitution and fines, approximately $4,500,000 would remain in the E*Trade Account. (*Id.*) Presently, the combined forfeiture claims from the Internal Revenue Service (the "IRS") and Commissioner of Taxation & Finance of the State of New York (the "Commissioner") for tax liabilities total $2,175,409.04. (*Id.*) The IRS consents to the granting of the instant motion and the Commissioner takes no position. (*Id.*)

6

In Mr. Shkreli's response to the government's Motion to Liquidate Certain Assets, he fails to make a proper showing or even allege that the use of the bail bond to satisfy his outstanding restitution and fine liability would cause him irreparable harm or that a fine or restitution cannot be imposed for the offense he committed, as required to challenge the government's motion pursuant to 28 U.S.C. § 2044.  (*See* ECF No. 626, Opposition to Motion to Liquidate Certain Assets.) Instead, Mr. Shkreli argues that the utilization of his E*Trade Account is stayed pursuant to Fed. R. Crim. P. 32.2(d) as funds cannot be transferred to a third party while an appeal is pending absent defendant's consent.  (*See id*. at 2.)  However, Rule 32.2(d) applies to the stay of a forfeiture order pending an appeal from a conviction or an order of forfeiture—not to proceedings to enforce restitution orders and fines.  Fed. R. Crim. P. 38 governs the stay of criminal monetary penalties such as fines and restitution imposed against a defendant.  Rule 38 provides that the court may grant a stay of restitution or a fine on "any terms considered appropriate."  Fed. R. Crim. P. 38(c) and (e)(1).  Such a stay may be granted "based upon the court's discretion" after considering whether a defendant would, "suffer irreparable harm should the stay be denied."  *United States v. Bestway Disposal Corp.*, 724 F. Supp. 62, 70 (W.D.N.Y. 1988); *see also United States v. Silver*, 203 F. Supp. 3d 370,

7

385 (S.D.N.Y. 2016)(citations omitted)(granting motion to stay execution of fine where the defendant showed "possibly meritorious legal basis for his appeal" and "irreparable harm should the stay be denied because to pay the fine he would be forced to sell his two residences and to incur substantial tax liability associated with liquidating his retirement account.") Mr. Shkreli has not alleged that denial of a stay would cause him irreparable harm and it is unlikely he would be able to show irreparable harm, as the government seeks less than ten percent of the E*Trade Account to satisfy Mr. Shkreli's criminal monetary penalties, which is a far cry from the burden that execution of a fine would have imposed on the defendant in *Silver*. *See* 203 F. Supp. 3d at 385.

III. Conclusion

For the reasons stated above, the government's Motion to Liquidate Certain Assets is granted and the government's Proposed Order, (ECF No. 623-3), will be entered, ordering partial liquidation of the E*Trade Account to satisfy Mr. Shkreli's outstanding restitution and fine liability, without prejudice to the order of forfeiture.

**SO ORDERED.**

Dated:   July 10, 2018
         Brooklyn, New York

                                        _____/s/_____
                                        **KIYO A. MATSUMOTO**
                                        United States District Judge
                                        Eastern District of New York