# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

**BENJAMIN BRAFMAN**

ANDREA ZELLAN
JOSHUA D. KIRSHNER
JACOB KAPLAN
TENY R. GERAGOS
ADMITTED IN NY AND CA

**MARK M. BAKER**
OF COUNSEL

**MARC AGNIFILO**
OF COUNSEL
ADMITTED IN NY AND NJ

July 24, 2018

**VIA ECF**

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>United States v. Martin Shkreli</u>, Crim. No. 15-637 (KAM)

Dear Judge Matsumoto,

On July 20, 2018 this Court ordered Martin Shkreli to respond to the government's proposed Final Order of Forfeiture submitted on July 12, 2018 (Dkt. No. 638-2). Mr. Shkreli respectfully requests that, as with the previously issued Preliminary Order of Forfeiture, the Court stays execution of the Proposed Final Order of Forfeiture pending appeal.

As we understand it, the proposed Final Order of Forfeiture removes restraints on the substitute assets and permits the Commissioner for New York State Department of Taxation & Finance ("The Commissioner") and the United States Department of Treasury ("IRS") to access funds in the E*Trade account that are restrained as substitute assets until Mr. Shkreli's appeals are determined. (Dkt. No. 638-2 at Paragraph 2). We note that the Order also permits the government to access the substitute assets in the E*Trade account to pay the Court's Restitution Order and the fine imposed at sentence.

Federal Rule of Criminal Procedure 32.2(d) states, in pertinent part, that:

> If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a

**BRAFMAN & ASSOCIATES, P.C.**

third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

FRCP 32.2(d). The Advisory Committee Notes on Adoption in 2000 of FRCP 32.2(d) confirm that the purpose of FRCP 32.2(d) is to preserve a defendant's assets for return to the defendant in the event the defendant prevails on appeal. The Advisory Committee notes on the 2000 amendments state, "[t]he purpose of the provision is to ensure that the property remains intact and unencumbered so that it may be returned to the defendant in the event the appeal is successful." Advisory Committee Notes on 2000 Adoption. The Advisory Committee also wrote:

> … subdivision (d) provides a rule to govern what happens if the court determines that a third-party claim should be granted but the defendant's appeal is still pending. The defendant is barred from filing a claim in the ancillary proceeding. See 18 U.S.C. § 1963(1)(2); 21 U.S.C. § 853(n)(2). Thus, the court's determination, in the ancillary proceeding, that a third party has an interest in the property superior to that of the defendant cannot be binding on the defendant. So, in the event that the court finds in favor of the third party, that determination is final only with respect to the government's alleged interest. If the defendant prevails on appeal, he or she recovers the property as if no conviction or forfeiture ever took place. But if the order of forfeiture is affirmed, the amendment to the order of forfeiture in favor of the third party becomes effective.

Id. Mr. Shkreli's interests are exactly as articulated by the Advisory Committee. The E*Trade account is an asset that he is entitled to recover if his conviction or this Court's forfeiture determination are reversed, and he is entitled to recover the account "as if no conviction or forfeiture ever took place." Id. If the Court does not stay the execution of the Proposed Final Order of Forfeiture, then the government, the Commissioner and the IRS will remove funds and consequently, Mr. Shkreli would recover approximately half of the substitute asset, and he will have lost interest that would otherwise have accrued to his benefit in the E*Trade account. If the Proposed Final Order of Forfeiture is not stayed, then Mr. Shkreli will not be able to recover his asset "as if no conviction or forfeiture ever took place." Accordingly, the Court should stay the execution of the Final Order of Forfeiture.

We note that despite the clear intent of Congress in adopting the changes to FRCP 32.2(d), the Western District of New York ("WDNY") has adopted an entirely different analysis than the one suggested by the Advisory Committee Notes. If one is to follow the Advisory Note, it seems a stay of a Final Order of Forfeiture would be required whenever the defendant files an appeal. However, the WDNY applies a four-part test to determine whether a defendant's request to stay execution of a forfeiture order should be granted. In United States v. Young, the WDNY determined that, "when considering a request to stay an order of forfeiture pending an appeal, a sentencing court may consider the following factors: '(1) the likelihood of success on appeal; (2) whether the forfeited asset is likely to depreciate over time; (3) the forfeited asset's intrinsic value

**BRAFMAN & ASSOCIATES, P.C.**

to defendant (i.e., the availability of substitutes); and (4) the expense of maintaining the forfeited property.' Young, 2014 WL 1671507, at *2 (W.D.N.Y. 2014) citing United States v. Peters, 784 F.Supp.2d 234 (W.D.N.Y. 2011).[1] There are no other reported decisions of any other federal court district applying this analysis to FRCP 32.2(d).

Even if this Court chooses to adopt the Western District of New York ("WDNY") standard, the four criteria weigh heavily in favor of granting Mr. Shkreli's request for a stay. First, Mr. Shkreli has strong legal arguments supporting the reversal of the conviction on Count Eight and strong legal arguments in support of a substantial modification of the forfeiture determination. Second, the substitute asset here is a cash account that will not depreciate over time and so there is no risk that the government will lose the value of the asset. Third, the intrinsic value to Mr. Shkreli is that the cash in the account is earning interest income that benefits Mr. Shkreli, and if the forfeiture is upheld, that interest benefits the government, too. Lastly, the government is incurring no expense maintaining the E*Trade account or any of the other substitute assets. Applying the WDNY four-part test demonstrates that neither the government, nor the government agencies seeking access to the asset, will suffer any prejudice if the Final Order of Forfeiture is stayed pending the outcome of Mr. Shkreli's appeals.

Accordingly, pursuant to FRCP 32.2(d), Mr. Shkreli's request for a stay should be granted, and at this time he does not consent to the transfer of any property interest to any third party. Specifically, he does not consent to the release of funds to the Commissioner or to the IRS. The amount of the personal income tax obligations to each agency have not reached final resolution.[2] In addition, the current Proposed Final Order of Forfeiture permits assets held in the E*Trade account to be disbursed to the government to satisfy the Court's Restitution Order and fine. As previously argued, Mr. Shkreli opposes any use of the funds in the E*Trade account to satisfy the Restitution Order or to pay the fine imposed at sentence. See Dkt No. 626, June 19, 2018, and Dkt. Nos. 635, 636, Orders entered July 10, 2018. It is Mr. Shkreli's position that in the absence of his consent, FRCP 32.2(d) prevents the use of his substitute assets, including the E*Trade account, to satisfy the restitution and fine ordered by this Court, and we respectfully request that the execution of this component of the Court Order also be stayed.[3]

---

[1] Both of these cases address staying execution as to tangible property. In Young, the property was mechanical equipment and in Peters the property was an undeveloped real estate parcel.

[2] It has been brought to our attention recently that the current debt to the Commissioner is not based on any personal tax obligation, rather the existing debt arises from interest and penalties. Accordingly, although Mr. Shkreli previously indicated consent to release of funds to pay New York State tax debt owed (Dkt. No. 596), there is no tax debt owed to the Commissioner to be satisfied by the use of substitute assets. It has also been brought to our attention that there is an IRS Tax Court appeal pending regarding the amount of personal tax obligation owed by Mr. Shkreli. Therefore, the amount of that personal tax obligation is unresolved.

[3] Mr. Shkreli understands that the Court has previously ruled on this issue in favor of the government (Dkt. No. 635) and that the Court issued an Order authorizing E*Trade to release funds sufficient to satisfy the restitution and fine orders. (Dkt. No. 636.) We raise the objection here to respectfully establish Mr. Shkreli's continued opposition to the restitution order and

**BRAFMAN & ASSOCIATES, P.C.**

  We thank the Court for its courtesy throughout the litigation in this prosecution and in all other matters.

Respectfully,

*Andrea Zellan*

Andrea Zellan

cc: All Counsel (via ECF)

---

continued opposition to the Court's Order releasing funds from his E*Trade account to satisfy the restitution order and the fine.