

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
CIVIL RECOVERIES BUREAU

July 31, 2018

**VIA ECF FILING**
Honorable Kiyo A. Matsumoto, USDJ
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        **Re:**    **United States v. Martin Shkreli**
                Docket No. 15-CR-637 (S-1)(KAM)

Honorable Judge Matsumoto:

       This office represents Petitioner, the Commissioner of Taxation & Finance of the State of New York (the "Commissioner"), with relation to a petition filed, pursuant to 21 USC §853(n), in the above-referenced matter, seeking the adjudication of the Commissioner's interest in certain substitute assets belonging to Defendant Shkreli and subject to forfeiture and potentially to state court judgment enforcement. This letter is in response to Defendant's letter, dated July 24, 2018, in opposition to the proposed Final Order of Forfeiture (the "Final Order") submitted by the Commissioner, the Internal Revenue Service (the "IRS") and the United States, for purposes of resolving the Commissioner's pending petition and other interests in the substitute assets.

       The Commissioner disagrees with Defendant's contention that the Court should stay the execution of the Final Order pending appeal as it pertains to the ability of the Commissioner to collect from Defendant's E*Trade account a portion of the tax debt owed by Defendant to the Commissioner. First, there is no practical purpose or benefit to Defendant in continuing the stay pending appeal as against the debt owed to the Commissioner because the outcome of the appeal would not change the status of the Commissioner's tax warrant and judgment lien that encumbers the E*Trade account, as a matter of state law, independent of the forfeiture order. Defendant argues that the E*Trade account is an asset that Defendant is entitled to recover if his conviction or the forfeiture determination are reversed, and that if he is successful in his appeal, he is entitled to recover the forfeited assets as if no conviction or forfeiture ever took place. In this instance, even if Defendant is successful with his appeal, the E*Trade account would still be encumbered by the state lien created by the Commissioner's tax warrant and ultimately would not be an asset Defendant is entitled to recover. The Commissioner has a perfected judgment lien on all of Defendant's personal property, including the E*Trade account, regardless of the outcome of any appeal in the above matter. *See*, N.Y. Tax Law §692.

Hon. Kiyo A. Matsumoto
July 31, 2018
Page 2

Importantly, Defendant incorrectly tries to characterize the effect of the Final Order as a direction authorizing the transfer of property interest to a third party, pursuant to the federal forfeiture process. In fact, it is the opposite, i.e. a release of this Court's restraint in the forfeiture process to enable to Commissioner to exercise state court recovery rights. A cursory reading of the Final Order reflects that it only removes the restraints that inure to the benefit of the United States, which are impacting the Commissioner's ability to collect from the E*Trade account up to $100,000.00, pursuant to state law, in partial satisfaction of the tax debt owed by Defendant. Indeed, the Final Order does not require the transfer of assets to any third party, but rather permits the Commissioner to take the necessary state law steps to collect from the E*Trade account the tax debt owed by Defendant once the Court's restraint is lifted.

The Commissioner also takes issue with Defendant's representation, set forth in Page 3 of Defendant's letter, that the claims by the Commissioner against Defendant "have not reached a final resolution." To the extent that Defendant argues that the Commissioner's underlying claims are not final, there is no support for such allegation. In fact, there is no pending administrative or judicial appeal of the Commissioner's tax warrant and judgment lien, and all applicable appeal periods have expired. As such, Defendant's liability on the unpaid tax warrant is established and has reached a final resolution.

Finally, Defendant is incorrect in asserting that the debt owed to the Commissioner "is not based on any personal tax obligation," as stated in footnote 2 of Defendant's letter. First, Defendant sets forth no factual or legal basis for any such conclusion. The Commissioner's tax warrant in this matter is based on Defendant's failure to pay personal income taxes and the interest and penalties directly associated with Defendant's failure to pay his personal income tax obligations. Contrary to Defendant's assertion, the debt due to the Commissioner is based on personal income tax obligations and the corresponding interest and penalties that arise from the failure to pay personal income tax obligations. Insofar as Defendant claims that there is no "tax debt owed to the Commissioner" because the remaining unpaid balance on the tax warrant at issue consists solely of interest and penalties imposed due to a failure to pay the underlying personal income tax obligation, such argument directly contradicts the relevant statutory language contained in Section 692 of the Tax Law, which provides that the tax warrant to be issued by the Commissioner is comprised of any unpaid tax, *penalties and interest*, and that the full amount of the warrant becomes a tax lien on the taxpayer's personal property. *See*, N.Y. Tax Law §692(c), (d). The Commissioner's tax warrant will not be satisfied until the entire debt, including the underlying personal income tax obligation and all related interest and penalties imposed by the Commissioner for Defendant's failure to pay his personal income tax obligation is paid in full.

Based on the above, the Commissioner respectfully requests that the Court reject Defendant's request that the Final Order be stayed pending appeal to the extent it would prevent the Commissioner from acting to collect and satisfy the tax debt owed by Defendant to the Commissioner, as set forth in the proposed Final Order presently before the Court.

Hon. Kiyo A. Matsumoto
July 31, 2018
Page 3

We thank the Court for its consideration.

Respectfully submitted,

Jorge A. Rodriguez
Assistant Attorney General

CC: All Counsel (Via ECF)