SLR:LDM:CSK
F#2014R00501

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

-against-

MARTIN SHKRELI,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
IN RE:

COMMISSIONER OF TAXATION &
FINANCE OF THE STATE OF NEW
YORK;

and

U.S. DEPARTMENT OF TREASURY,
INTERNAL REVENUE SERVICE,

                Third-Party Petitioners.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STIPULATION OF
SETTLEMENT TO RESOLVE
THIRD-PARTY PROCEEDINGS
UNDER 21 U.S.C. § 853(n)

15 CR 637 (S-1) (KAM)

       WHEREAS, on or about June 3, 2016, defendant MARTIN SHKRELI (the "defendant") was charged in a Superseding Indictment (the "Indictment") with multiple counts of conspiracy to commit securities fraud, conspiracy to commit wire fraud, securities fraud, and wire fraud (Counts One through Eight);

       WHEREAS, the Indictment included a forfeiture allegation seeking, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), the forfeiture of any and all property constituting or derived from proceeds obtained directly or indirectly as a

result of the commission of any of the offenses charged;

WHEREAS, on or about July 26, 2017, the defendant, by and through counsel and the United States, stipulated to waive any right to have a jury determine the forfeiture and to have such determination made by the district court;

WHEREAS, on or about August 4, 2017, a jury found the defendant guilty of Count Three (securities fraud involving MSMB Capital), Count Six (securities fraud involving MSMB Healthcare) and Count Eight (conspiracy to commit securities fraud involving Retrophin unrestricted securities) (hereinafter, the "Offenses of Conviction");

WHEREAS, the Court found that the defendant must forfeit to the United States the amount of Seven Million, Three Hundred Sixty Thousand, Four Hundred and Fifty Dollars ($7,360,450.00) (the "Forfeiture Money Judgment"), which amount represents the total amount of proceeds obtained by the defendant as a result of the Offenses of Conviction;

WHEREAS, on or about March 5, 2018, the Court entered a Preliminary Order of Forfeiture (the "Preliminary Order") which, among other things, imposed the Forfeiture Money Judgment against the defendant and required the defendant to forfeit his interest in the following assets (the "Substitute Assets"), as well as all proceeds traceable thereto, up to the amount of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p):

(a) $5 million in cash that is currently held in an E*Trade brokerage account (the "E*Trade Account") ending in the digits "0258" as security for the defendant's bond, pursuant to prior orders of the Court in this action;

(b) Vyera Pharmaceuticals (formerly known as Turing Pharmaceuticals);

(c) the album "Once Upon A Time in Shaolin" by the Wu Tang Clan;

(d) the album "Tha Carter V" by Lil Wayne; and

(e) a Picasso painting.

WHEREAS, the Preliminary Order provided that, while execution of the Preliminary Order and seizure of the Substitute Assets would be stayed pending the final disposition of any appeal by the defendant, the Substitute Assets would be subject to various restraints (the "Restraints"), set forth in paragraphs 10 and 11 of the Preliminary Order, that are intended to preserve the value of the Substitute Assets and insure their availability for possible collection and satisfaction of the Forfeiture Money Judgment, including Restraints concerning how the Substitute Assets are maintained and restrictions on any sale, assignment, license or other transfer of interest in the Substitute Assets;

WHEREAS, in accordance with the Preliminary Order, the United States (1) published notice of the Preliminary Order, in accordance with the custom and practice in this district, on the United States's website www.forfeiture.gov, and of its intent to dispose of the Substitute Assets in such a manner as the U.S. Attorney General or his designee may direct, for thirty consecutive days, beginning March 20, 2018 and ending April 18, 2018; and (2) provided direct written notice to any person known or alleged to have an interest in the Substitute Assets;

WHEREAS, based upon the Offenses of Conviction, the Court imposed a judgment against the defendant on March 9, 2018, and sentenced him, among other things, to pay an assessment of $300.00 and a fine of $75,000.00, plus interest, (the "Fine");

WHEREAS, the Court amended the judgment entered against the defendant by issuing a restitution order (the "Restitution Order"), dated April 9, 2018, and sentenced the defendant to, among other things, pay restitution in the amount $388,336.49;

WHEREAS, the amended judgment was entered on the docket in the above-captioned case on April 17, 2018, pursuant to which, "Payment of [the] $75,000 fine, $300 special assessment and $388,336.49 restitution [is] due and payable immediately;"

WHEREAS, on or about April 20, 2018, the New York State Attorney General, on behalf of the Commissioner of Taxation & Finance of the State of New York (the "Commissioner"), pursuant to 21 U.S.C.§ 853(n), filed a petition as to the Substitute Assets based upon a New York State tax debt (the "NYS Tax Debt") owed by the defendant in the amount of $480,011.43, and which, according to the Commissioner, has since been reduced to $387,853.04 owed by the defendant as of May 25, 2018;

WHEREAS, on or about May 18, 2018, the U.S. Department of Treasury, Internal Revenue Service (the "IRS"), pursuant to 21 U.S.C.§ 853(n), filed a petition as to the Substitute Assets based upon a federal tax debt (the "Federal Tax Debt") owed by the defendant for the tax year 2015 in the amount of $1,695,397.61 as of May 7, 2018 (statutory additions continuing to accrue from and after May 7, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c));

WHEREAS, no persons or entities, other than the Commissioner and the IRS, have filed claims or otherwise asserted an interest in the Substitute Assets under 21 U.S.C.§ 853(n), and the time to do so has expired;

WHEREAS, on June 12, 2018, the United States filed a motion, pursuant to 28 U.S.C. § 2044, requesting that the Court issue an order, directing E*TRADE Securities LLC to withdraw $464,894.13 from the E*Trade Account and pay over such funds to the Clerk of Court, for application to the Fine and Restitution Order; and

WHEREAS, the United States, the Commissioner, and the IRS (collectively,

the "Parties") have agreed to resolve and settle this matter in full without further litigation under the following terms:

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, through their undersigned counsel, as follows:

1. The Commissioner and the IRS consent to the dismissal of their respective petitions (the "Petitions") with prejudice, upon the entry of a Final Order of Forfeiture (the "Final Order"), which provides, among other things, that, immediately upon entry of the Final Order and regardless of the status of any appeals by the defendant, the Restraints set forth in the Preliminary Order, and the restraints in any prior orders of the Court in this action, shall not apply to any efforts made by: the United States to collect and satisfy the Fine and the Restitution Order from the E*Trade Account; the Commissioner to collect and satisfy the NYS Tax Debt, up to the amount of $100,000 only, from the E*Trade Account; and the IRS (or the United States on behalf of the IRS) to collect and satisfy the Federal Tax Debt from the E*Trade Account.

2. This Stipulation is entered into by the Parties to avoid the need for any further litigation of the Petitions under 21 U.S.C. § 853(n). This Stipulation shall not be deemed an admission or concession as to the merits of the Petitions or the United States's defenses to same, including but not limited to any defenses by the United States based on standing or issues relating to the vesting of any rights to, or the priority of interests in, the Substitute Assets.

3. The Commissioner agrees to release, remise and forever discharge the United States, its agencies, agents, officers, and employees, past and present, from all claims or causes of action which the Commissioner ever had, now has, or hereafter may have against

the United States, its agencies, agents, officers, and employees, past and present, with respect to the Commissioner's Petition, the NYS Tax Debt, the Preliminary Order, or the resolution of this matter as set forth in this Stipulation.

4. The United States agrees to release, remise and forever discharge the Commissioner, its agencies, agents, officers, and employees, past and present, from all claims or causes of action which the United States ever had, now has, or hereafter may have against the Commissioner, past and present, with respect to the Commissioner's Petition, the NYS Tax Debt, the Preliminary Order, or the resolution of this matter as set forth in this Stipulation.

5. Nothing in this Stipulation constitutes a release of any claim or cause of action against any person not a party to this Stipulation.

6. Each party shall bear its own costs and fees, including but not limited to attorneys' fees, in connection with this matter.

7. This Stipulation constitutes the entire agreement between the Parties with respect to the Petitions and may not be modified or amended except by written agreement executed by each of the Parties. No other document, nor any representation, inducement, agreement, understanding or promise, constitutes any part of this Stipulation or the settlement it represents, nor shall it be used in construing the terms of this Stipulation. For purposes of construction, this Stipulation shall be deemed to have been drafted by each of the Parties and shall not, therefore, be construed against any Party in any subsequent dispute.

8. Except for the Final Order, if entered by the Court, nothing contained in this Stipulation shall be deemed to modify the Preliminary Order. Upon entry of the Final Order,

the Petitions shall be deemed dismissed with prejudice for purposes of Fed. R. Crim. P. 32.2(c) and 21 U.S.C. § 853(n)(7).

9. This Stipulation and the Final Order, if entered by the Court, shall have no bearing on any challenges raised by defendant Martin Shkreli, including but not limited to any challenges to the Forfeiture Money Judgment in the within criminal action and any related appellate proceedings.

10. The Court shall retain jurisdiction over this action to effectuate and/or enforce the terms of this Stipulation.

11. It is contemplated that this Stipulation may be executed in separate counterparts, with a separate signature page for each Party. All such counterparts and signature pages together shall be deemed one document.

Dated: Brooklyn, New York
July 12, 2018

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By: _____
Laura D. Mantell
Claire S. Kedeshian
Peter A. Laserna
Assistant U.S. Attorneys
(718) 254-6253/6051/6152

Dated: Albany, New York
    July 10, 2018

           BARBARA D. UNDERWOOD
           Attorney General
           State of New York
           Office of the Attorney General
           Division of State Counsel
           Civil Recoveries Bureau
           *Attorneys for Commissioner of Taxation*
           *& Finance of the State of New York*
           The Capitol
           Albany, New York 12224-0341

By: _____
           Jorge A. Rodriguez
           Assistant Attorney General
           (518) 776-2179

Dated: Washington, D.C.
    _____, 2018

           RICHARD E. ZUCKERMAN
           Principal Deputy Attorney General
           U.S. Department of Justice, Tax Division
           *Attorneys for U.S. Department of Treasury,*
           *Internal Revenue Service*
           P.O. Box 55
           Washington, D.C. 20044

By: _____
           Stephanie Weiner Chernoff
           Trial Attorney, Tax Division
           (202) 307-2251

SO ORDERED: on this 10th day of Sept, 2018

           /s/ _____
           HONORABLE KIYO A. MATSUMOTO
           UNITED STATES DISTRICT JUDGE
           EASTERN DISTRICT OF NEW YORK

Dated: Albany, New York
_____, 2018

                    BARBARA D. UNDERWOOD
                    Attorney General
                    State of New York
                    Office of the Attorney General
                    Division of State Counsel
                    Civil Recoveries Bureau
                    *Attorneys for Commissioner of Taxation*
                    *& Finance of the State of New York*
                    The Capitol
                    Albany, New York 12224-0341

        By: _____
             Jorge A. Rodriguez
             Assistant Attorney General
             (518) 776-2179

Dated: Washington, D.C.
   July 11, 2018

                    RICHARD E. ZUCKERMAN
                    Principal Deputy Attorney General
                    U.S. Department of Justice, Tax Division
                    *Attorneys for U.S. Department of Treasury,*
                    *Internal Revenue Service*
                    P.O. Box 55
                    Washington, D.C. 20044

        By: _____
             Stephanie Weiner Chernoff
             Trial Attorney, Tax Division
             (202) 307-2251

SO ORDERED: on this \_\_\_ day of \_\_\_\_, 2018

                    _____
                    HONORABLE KIYO A. MATSUMOTO
                    UNITED STATES DISTRICT JUDGE
                    EASTERN DISTRICT OF NEW YORK