UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

UNITED STATES OF AMERICA,

       - against -

MARTIN SHKRELI,

         Defendant.

-------------------------------------X

MEMORANDUM AND ORDER

15-CR-637 (KAM)

**MATSUMOTO, United States District Judge:**

       The United States, by letter filed July 12, 2018, (ECF No. 638), submitted a Stipulation of Settlement and Proposed Final Order of Forfeiture resolving third-party petitions filed by the New York State Attorney General ("NYS-AG"), on behalf of the Commissioner of Taxation & Finance of the State of New York, and by the U.S. Department of Treasury, Internal Revenue Service ("IRS") in the ancillary proceeding as to Martin Shkreli. (*See* ECF No. 638-1, Stipulation of Settlement; ECF No. 638-2, Proposed Final Order of Forfeiture.) On July 24, 2018, Mr. Shkreli responded opposing the entry of the final order of forfeiture and seeking a stay pending appeal of execution of the Final Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(d). Mr. Shkreli contended that if he were to succeed on appeal, execution of the forfeiture order would prevent Mr. Shkreli's ability to recover his asset, namely, the E*Trade Account, "as if no conviction or forfeiture ever took place." (*See* ECF No.

1

646, Defendant Opposition.)  The NYS-AG responded, disagreeing with Mr. Shkreli's opposition by letter filed July 31, 2018. (*See* ECF No. 652, Commissioner of Taxation and Finance Reply.) The IRS and the United States also responded to Mr. Shkreli's opposition by letters filed August 2, 2018.  (*See* ECF No. 656, IRS Reply; ECF No. 657, Government Reply.)  Mr. Shkreli submitted a surreply on August 7, 2018 responding to the NYS-AG, United States, and IRS's replies.  (*See* ECF No. 664, Defendant Surreply.)

I.   Background

Following Mr. Shkreli's conviction at trial, the Court entered a Preliminary Order of Forfeiture directing Mr. Shkreli to forfeit $7,360,450 (the "Forfeiture Money Judgment") and requiring the defendant to forfeit his interest in the five Substitute Assets "up to the amount of the Forfeiture Money Judgment."  (*See* ECF No. 540, Preliminary Order of Forfeiture, ¶¶ 2-4.)  Execution of the order was stayed "pending the final disposition of any appeal by the defendant."  (*Id*. ¶ 11.)  The Preliminary Order of Forfeiture imposed restraints against the Substitute Assets to preserve their value and "ensure that such Substitute Assets, and any proceeds traceable thereto, up to the amount of the Forfeiture Money Judgment, remain available to be forfeited pending the conclusion of any appeal."  (*Id*. ¶¶ 10-

2

11.) Pursuant to the Preliminary Order of Forfeiture, the United States served and published notice of the order, "as required by 21 U.S.C.§ 853(n)(1) and Rule 32.2(b)(6)." (Government Reply at 2.) The United States, the NYS-AG, and the IRS proceeded to resolve the third-party petitions and, ultimately, executed the Stipulation of Settlement, which proposes that the court lift the restraints on the E*Trade account imposed by the Preliminary Order of Forfeiture to allow the IRS and Commissioner of Taxation and Finance to collect and satisfy Mr. Shkreli's federal and state tax debts. (*See* ECF No. 638-1, Stipulation of Settlement ¶1.)

II. Discussion

Rule 32.2(d) establishes, in relevant part, that, "[a] stay [pending appeal] does not delay the ancillary proceeding or the determination of a third party's rights or interests." Fed. R. Crim. P. 32.2(d). As the United States explains in its August 2, 2018 letter responding to Mr. Shkreli's objection, "the Proposed [Final Order of Forfeiture] does not 'transfer any property interest' in the E*Trade Account or any of the other Substitute Assets. Rather, it merely provides for the restraints on the E*Trade Account to be partially lifted to allow the NYS-AG and IRS to pursue their own independent collection efforts." (ECF No. 657, Government Reply at 3; *see*

*also* ECF No. 638-2, Proposed Final Order of Forfeiture at 4-5.) Contrary to defense counsel's argument, the Advisory Notes to Fed. R. Crim. P. 32.2(d) does not bar entry of the proposed Final Order of Forfeiture, as the proposed Final Order of Forfeiture does not authorize seizure or transfer of the Substitute Assets pending appeal. The Advisory Committee Notes on Adoption in 2000 of FRCP 32.2(d) state, "[t]he purpose of the provision is to ensure that the property remains intact and unencumbered so that it may be returned to the defendant in the event the appeal is successful." The Proposed Final Order of Forfeiture makes clear that the Substitute Assets will not be seized or transferred by the United States while Mr. Shkreli's appeal is pending. (*See* ECF No. 638-1, Proposed Final Order of Forfeiture at 4-5.) To the extent Mr. Shkreli disputes any interest and penalties associated with his tax obligations, the relevant tax authority, and not the court, will determine the amount of taxes owed by Mr. Shkreli. The appeal of the instant criminal case will not affect the amount of Mr. Shkreli's tax liabilities.

The court finds that entering the Proposed Final Order of Forfeiture and thereby lifting the Restraints on the E*Trade account to allow New York State and the IRS to proceed with their separate collection efforts will not prevent defendant from being restored to the *status quo ante* if he succeeds on

4

appeal, as New York State's and the IRS's rights to collect taxes are not affected by the outcome of the appeal. Further the E*Trade account is a readily quantifiable asset. Even if Mr. Shkreli's appeal is successful, the federal and state tax authorities may enforce Mr. Shkreli's undisputed tax liabilities.

For the reasons stated above, the court will execute and enter the Stipulation of Settlement to Resolve Third Party Proceedings and the Final Order of Forfeiture submitted by the government on July 12, 2018. (*See* ECF No. 638-2; ECF No. 638-1.)

**SO ORDERED.**

Dated:    September 10, 2018
           Brooklyn, New York

                                            _____/s/_____
                                            **KIYO A. MATSUMOTO**
                                            United States District Judge
                                            Eastern District of New York