IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION, et al.,

                        Plaintiffs,

v.

VYERA PHARMACEUTICALS, LLC, et al.,

                        Defendants.

Case No. 1:20-cv-00706-DLC

**Plaintiffs' First Set of Interrogatories to Defendants**

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Rule 33") Plaintiffs Federal Trade Commission ("FTC") and the states of New York, California, Illinois, North Carolina, Ohio, Pennsylvania, and Virginia request that Defendants Vyera Pharmaceuticals, LLC, Phoenixus AG, Martin Shkreli, and Kevin Mulleady answer the following Interrogatories. The requested answers must be provided within the time allotted under Rule 33(b)(2). These Interrogatories are continuing in nature and should be supplemented in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

1. These Interrogatories call for all information (including any information contained in or on any documents or writing) that is known or available to You, including all information in the possession of, or available to, Your attorneys, agents, or representatives, or any other person acting on Your behalf or under Your direction or control.

2. These Interrogatories, including subparts, are to be answered by You separately, completely, and fully, under oath.

3. If You object to any part of these Interrogatories, set forth the basis for Your objection and respond to all parts of these Interrogatories to which You do not object. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which You intend to rely in response to any motion to compel.

4. All objections must state with particularity whether and in what manner the objection is being relied upon as a basis for limiting the response. If You are withholding responsive information pursuant to any general objection, You should so expressly indicate. If, in responding to these Interrogatories, You claim any ambiguity in interpreting either the Interrogatories or a definition or instruction applicable thereto, set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to these Interrogatories, and respond to these Interrogatories as You interpret them.

5. If You cannot answer all or part of these Interrogatories after exercising due diligence to secure the full information to do so, so state and answer to the fullest extent possible, specifying Your inability to answer the remainder, stating whatever information or knowledge You have concerning the unanswered portion, and detailing what You did in attempting to secure the unknown information.

6. If any privilege is claimed as a ground for not responding to an Interrogatory, provide a privilege log in Microsoft Excel format describing the basis for the claim of privilege and all information necessary for Plaintiff and the Court to assess the claim of privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5). The privilege log shall include the following: (i) specific grounds for the claim of privilege; (ii) the date of the privileged communication; (iii) the persons involved in the privileged communication; (iv) a description of the subject matter of the privileged communication in sufficient detail to assess the claim of privilege; and (v) the Interrogatory to which the privileged information is responsive.

7. If any portion of any response is withheld on a basis other than privilege, provide the information and reason for such withholding per Instruction 6.

8. Whenever necessary to bring within the scope of these Interrogatories a response that might otherwise be construed to be outside their scope, the following constructions should be applied:

    a. Construing the singular form of any word to include the plural, and the plural form to include the singular;

    b. Construing the past tense of a verb to include the present tense, and the present tense to include the past tense;

    c. Construing the masculine form to include the feminine form;

    d. Construing "and" and "or" in the disjunctive or conjunctive, as necessary, to make these Interrogatories more inclusive;

e. Construing the term "date" to mean the exact day, month, and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters.

9. Unless otherwise stated, construe each Interrogatory independently and without reference to any other for the purpose of limitation.

10. These Interrogatories cover the period of time from October 1, 2014 to the present.

11. If You have any questions, please contact Maren Schmidt at mschmidt@ftc.gov or (202) 326-3084.

## DEFINITIONS

A. The term "Vyera," means Vyera Pharmaceuticals, LLC, together with its successors, predecessors, divisions, wholly or partially owned subsidiaries, domestic or foreign parents, affiliates, partnerships, and joint ventures; and all the directors, officers, employees, attorneys, consultants, agents, and representatives of the foregoing.

B. The term "Phoenixus" means Phoenixus AG, together with its successors, predecessors, divisions, wholly or partially owned subsidiaries, domestic or foreign parents, affiliates, partnerships, and joint ventures; and all the directors, officers, employees, attorneys, consultants, agents, and representatives of the foregoing.

C. The term "Corporate Defendants" means Vyera and Phoenixus, collectively and individually.

D. The term "Individual Defendants" means Mr. Shkreli and Mr. Mulleady, collectively and individually.

E. The term "You" or "Yours" refers to each Defendant.

F. The terms "and" and "or" have both conjunctive and disjunctive meanings as necessary to bring within the scope of these Interrogatories anything that might otherwise be outside their scope.

G. The term "API" means active pharmaceutical ingredient.

H. The term "communications" is used in the broadest possible sense and means any exchange, transfer, or dissemination of information, regardless of the means by which it is accomplished.

I. The terms "each," "any," and "all" mean "each and every."

J. The term "Fukuzyu" means Fukuzyu Pharmaceutical Co., Ltd., together with its successors, predecessors, divisions, wholly- or partially-owned subsidiaries, domestic or foreign parents, affiliates, partnerships, and joint ventures; and all the directors, officers, employees, consultants, agents, and representatives of the foregoing.

K.  The term "Person" includes the Defendants and means any natural person, corporate entity, sole proprietorship, partnership, association, governmental entity, or trust

L.  The terms "relate" and "relating to" are used in the broadest possible sense and mean, in whole or in part, addressing, analyzing, concerning, constituting, containing, commenting on, discussing, describing, identifying, referring to, reflecting, reporting on, stating, or dealing with.

M.  The term "RL Fine" means RL Fine Chem Pvt. Ltd., together with its successors, predecessors, divisions, wholly- or partially-owned subsidiaries, domestic or foreign parents, including but not limited to the MAPE Advisory Group, affiliates, partnerships, and joint ventures; and all the directors, officers, employees, consultants, agents, and representatives of the foregoing.

## INTERROGATORIES

### ALL DEFENDANTS

**Interrogatory No. 1**

For each payment made by the Corporate Defendants to Mr. Shkreli or Mr. Mulleady, identify the form of the payment (e.g., cash, stock, or other consideration), the date of, the estimated dollar value of, and reason for the payment.

**Interrogatory No. 2**

Separately for Martin Shkreli, Kevin Mulleady, and any other current or former employee or board member of the Corporate Defendants identified on any Defendant's Initial Disclosures, identify each email account (whether personal or company issued), cell phone number (whether personal or company sponsored), social media account, and messaging account (e.g., WhatsApp) used for any communications relating to Daraprim or other Vyera or Phoenixus business.

### CORPORATE DEFENDANTS ONLY

**Interrogatory No. 3**

For each current or former employee or board member of the Corporate Defendants identified on any Defendant's Initial Disclosures, identify the: (a) beginning and ending dates of employment or board membership; (b) each title or position held at Vyera or Phoenixus; (c) the beginning and ending dates of each title or position held; and (d) the responsibilities for each title or position held.

**Interrogatory No. 4**

Identify the name of each API manufacturer with which the Corporate Defendants communicated relating to the supply or potential supply of pyrimethamine API. For each manufacturer, provide the method of the communications, (e.g., telephone or email), the date or

date range of the communication(s), the best-known contact information for the manufacturer, and the name and position of any person at the manufacturer with whom You communicated.

**Interrogatory No. 5**

Identify separately the date, amount of, and reason for each payment made by the Corporate Defendants to Fukuzyu or RL Fine.

INDIVIDUAL DEFENDANTS ONLY

**Interrogatory No. 6**

For each company for which You have held an ownership interest equal to or greater than 1% at any time from October 1, 2014 to present, identify: (a) the name of the company; (b) a brief description of the company's business; (c) the date ranges You held an ownership interest equal to or greater than 1%; (d) Your peak ownership interest; (e) Your current ownership interest; and (f) whether You serve or served on the Board of Directors or hold or held any executive position(s) with the company.

|  |  |
|---|---|
| Dated: May 1, 2020 | Respectfully submitted, |
|  | */s/ Markus H. Meier*<br>Markus H. Meier<br>Federal Trade Commission<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>Tel: 202-326-3759 |
|  | *Counsel for Plaintiff*<br>*Federal Trade Commission* |
|  | */s/ Elinor R. Hoffman*<br>Elinor R. Hoffmann<br>Office of the Attorney General<br>28 Liberty Street<br>New York, NY 10006<br>Tel: (212) 416-8269<br>elinor.hoffmann@ag.ny.gov |
|  | *Counsel for Plaintiff State of New York* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 1, 2020, I served a true and correct copy of the foregoing Plaintiffs' First Set of Interrogatories to Defendants on all counsel of record via electronic mail.


Dated: May 1, 2020                                    */s/ D. Patrick Huyett*
                                                             D. Patrick Huyett (*pro hac vice*)
                                                             Federal Trade Commission
                                                             600 Pennsylvania Avenue, NW
                                                             Washington, DC 20580
                                                            Tel: (202) 326-3209
                                                            dhuyett@ftc.gov@ftc.gov