UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X

UNITED STATES OF AMERICA,

**MEMORANDUM AND ORDER**

      - against -

15-cr-637(KAM)

MARTIN SHKRELI,

         Defendant.

-----------------------------------X

**MATSUMOTO, United States District Judge:**

Defendant Martin Shkreli ("Mr. Shkreli") has brought, for the second time since he began serving his 84-month sentence, a motion for "compassionate release" from prison or a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 754.)  The Government opposes the motion.  (*See* ECF No. 759.)  For the reasons herein, Mr. Shkreli's motion is respectfully DENIED.

### Background

The court assumes familiarity with Mr. Shkreli's criminal trial and conviction, which were recounted in detail in several of the court's prior orders, including the court's February 26, 2018 Memorandum and Order denying Mr. Shkreli's motion for a judgment of acquittal.  (*See* ECF No. 535, Memorandum and Order, at 2-50.)  Mr. Shkreli was charged in a superseding indictment in 2016 with two counts each of fraud,

1

conspiracy to commit securities fraud, and conspiracy to commit wire fraud, in connection with two hedge funds (MSMB Capital and MSMB Healthcare); and with one count of conspiracy to commit wire fraud and one count of conspiracy to commit securities fraud, in connection with a pharmaceutical company known as Retrophin. (*Id.* at 2.) After a five-week trial, Mr. Shkreli was convicted by a jury in August 2017 of one count of securities fraud in connection with MSMB Capital, one count of securities fraud in connection with MSMB Healthcare, and one count of conspiracy to commit securities fraud in connection with Retrophin. (*Id.* at 5-6.)

On March 9, 2018, after considering the advisory sentencing Guidelines and the factors pursuant to 18 U.S.C. § 3553(a) ("Section 3553(a)"), this court sentenced Mr. Shkreli to 84 months in prison for his conviction on the two counts of securities fraud, and 60 months in prison for his conviction on the count of conspiracy to commit securities fraud, to run concurrently. (ECF No. 583, Amended Judgment.) The court also sentenced Mr. Shkreli to three years of supervised release with special conditions to follow the completion of his custodial sentence, and ordered him to pay a fine of $75,000, plus approximately $388,000 in restitution. (*Id.*)

On April 22, 2020, Mr. Shkreli brought his first motion for compassionate release, citing the risks posed to him

2

in prison by the global COVID-19 pandemic. (ECF No. 729, First Motion to Reduce Sentence.) On May 16, 2020, this court denied Mr. Shkreli's motion. (*See* ECF No. 734, Memorandum and Order ("May 16 Order").) The court held that Mr. Shkreli had not shown "extraordinary and compelling reasons" that would warrant a modification of his sentence. (*Id.* at 5.) Mr. Shkreli failed to demonstrate that a "current medical condition place[d] him at increased risk for significant complications from the virus." (*Id.*) The court also found persuasive Mr. Shkreli's relatively young age and the fact that at that time, his prison facility, FCI Allenwood Low, had zero confirmed cases of COVID-19. (*Id.* at 5-7.) In addition, the court found that all of the sentencing factors under Section 3553(a) weighed against Mr. Shkreli's early release from prison. (*Id.* at 8-9.)

On December 23, 2020, Mr. Shkreli filed a second motion for compassionate release or a sentence reduction. (ECF Nos. 754, Emergency Motion to Reduce Sentence ("Mot."); *see* ECF No. 755.) The government opposed the motion. (ECF No. 759, Response in Opposition ("Opp.").) Mr. Shkreli replied to the government's opposition. (ECF No. 762, Reply to Response in Opposition ("Reply").)

**Legal Standard**

The First Step Act, 18 U.S.C. § 3582(c), or the so-called "compassionate release" statute, creates an exception to the general prohibition against modifying a term of imprisonment once it has been imposed.  Under the statute, defendants may move a court to "reduce" a term of imprisonment upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The relevant policy statement, U.S.S.G. § 1B1.13, allows a court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant the reduction," "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and "the reduction is consistent with this policy statement."   In addition, when considering a sentence reduction, the court must apply the Section 3553(a) sentencing factors, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, (3) the need for the sentence imposed to protect the public from further crimes of the defendant, and (4) the need for the sentence imposed to provide the defendant with needed

4

educational or vocational training, medical care, or other
correctional treatment in the most effective manner.  *See* 18
U.S.C. § 3553(a).

        "The defendant carries the burden of showing that he
or she is entitled to a sentence reduction under the statute."
*United States v. Schultz*, No. 17-cr-193 (WMS), 2020 WL 2764193,
at *2 (W.D.N.Y. May 28, 2020) (citing *United States v. Ebbers*,
432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020)).

## Discussion

        Here, despite Mr. Shkreli's sympathetic emotional and
mental stressors, his ongoing defense of a civil action brought
against him by the Federal Trade Commission ("FTC"), and the
presence of COVID-19 at FCI Allenwood Low, he has failed to show
"extraordinary and compelling reasons" for immediate release or
for a sentence reduction.

        There are two material circumstances raised in Mr.
Shkreli's latest motion that have changed since the court denied
his first motion.  First, the number of COVID-19 cases at FCI
Allenwood Low has increased since the court denied his first
motion (*see* Mot. at 27-28); however, the government represents
that as of the date of its opposition to his motion, there were
no confirmed cases in Mr. Shkreli's housing unit (Opp. at 2).
Second, Mr. Shkreli is a defendant in a civil action brought in
the Southern District of New York by the FTC and several states,

alleging an anti-competitive scheme by Mr. Shkreli and others
(*FTC et al. v. Vyera Pharmaceuticals, LLC et al.*, Case No. 20-
cv-706 (S.D.N.Y.), the "FTC lawsuit"). (*See* Mot. at 4-5.)  The
FTC lawsuit has several looming discovery deadlines, and Mr.
Shkreli argues that he has been unable to confer adequately with
his lawyers, due to the lockdowns at FCI Allenwood Low as a
result of the pandemic.  (*See id.* at 13-15.)  The judge
presiding over the FTC lawsuit recently declined to stay
discovery in that action.  (*See* Case No. 20-cv-706 (DLC)
(S.D.N.Y.), ECF No. 368, Memorandum and Order.)

### I.   COVID-19

The court is concerned for all inmates, and is mindful
of the challenges to their physical and mental health presented
by this unprecedented global pandemic.  It is undisputed that
the overall situation at FCI Allenwood Low is worse today than
it was in May of last year.  However, the government reports
that as of January 6, 2021, no positive cases have occurred in
Mr. Shkreli's housing unit.  (Opp. at 2.)  The court is
confident that the Bureau of Prisons ("BOP") is doing everything
possible to meet the challenge, and it appears to have reduced
the spread of infections.  As detailed in the government's
opposition, the BOP has implemented an action plan (*see id.* at
10-13), part of which has resulted in the lockdowns that Mr.
Shkreli argues are so strict that he has been unable meet with

6

his lawyers.  Ten days ago, there were 56 inmates with active cases of COVID-19 at FCI Allenwood Low (and none in Mr. Shkreli's unit).  (*Id.* at 2.)  Today, there are 29 active cases of COVID-19 among inmates at FCI Allenwood Low out of a total of 895 inmates (plus fourteen cases among staff),[1] meaning that the spread appears to have been curbed, and the likelihood of infection for an individual inmate is still relatively low.

Moreover, as discussed in the court's prior Memorandum and Order, Mr. Shkreli is a relatively young and healthy man of 37 years, meaning that even if he were to contract COVID-19, he would not be at a high-risk to suffer severe complications. (*See* May 16 Order at 6-7.)  The only conditions Mr. Shkreli raises now in his second motion that were not raised in his first motion are certain mental health conditions that allegedly "weaken his immune system." (Mot. at 25-28.)  Mr. Shkreli did not provide any medical documentation to support his claim that his immune system is weakened, and mental health disorders are not classified as a risk factor for COVID-19 by the Centers for Disease Control and Prevention. (*See* Opp. at 16-17.)  Further, a mental health practitioner has evaluated Mr. Shkreli and found him to be stable. (*Id.*)  The court expects that the BOP will continue providing treatment to Mr. Shkreli for these conditions

---

[1] *See* BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed Jan. 16, 2021).

while he is incarcerated, and the court does not find that they warrant a modification of his sentence. *See United States v. Brady*, No. 18-cr-316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) ("[R]elease is not justified because those conditions are stable and the Defendant has managed them in prison[.]"). As the court previously held, although the COVID-19 pandemic is an unprecedent challenge for the BOP, Mr. Shkreli has not made a showing that his unique medical situation presents a risk amounting to an "extraordinary and compelling" reason that warrants a modification of his sentence.

## II.  The FTC Lawsuit

The FTC lawsuit against Mr. Shkreli and others is currently pending in the Southern District of New York before the Honorable Denise L. Cote.  Mr. Shkreli argues that he is being denied his constitutional right to civil counsel, because he has only had "infrequent and severely time-limited confidential legal phone calls" with the lawyers representing him in that case.  (Mot. at 23.)  Mr. Shkreli alleges that he had "only a little more than a dozen legal calls" with his counsel since he became aware that he was a target of the FTC's investigation, often limited to about 15 minutes, and he was not allowed any calls between March 10 and May 20, 2020.  (*Id.*) According to the government, while Mr. Shkreli has had 14 legal calls with the counsel representing him in the FTC lawsuit to

date, FCI Allenwood Low has been open for in-person legal visits
since March 13, 2020, by request on a case-by-case basis (and
for about three months in late 2020, without restriction), but
the counsel representing Mr. Shkreli in the FTC lawsuit did not
make a single request to meet with him in person during that
time.  (Opp. at 6.)

      Mr. Shkreli, of course, should have meaningful access
to counsel in order to defend himself in the FTC lawsuit.
According to the federal prison consultant who submitted an
expert declaration in support of Mr. Shkreli's motion, the BOP
has "done a somewhat satisfactory job at arranging communication
thus far," although "the necessary communication needed going
forward [will be] far more extensive in duration and frequency."
(Mot., Ex. 2, Declaration of Jack T. Donson, ¶ 10.)  The fact
that Mr. Shkreli may need additional communications going
forward, however, does not present an "extraordinary and
compelling" reason to release him from prison early.  Moreover,
Mr. Shkreli admitted in his reply brief that since the filing of
his second motion for compassionate release, he has had two
additional legal calls between 30-60 minutes, and a two-hour
video session with counsel over Zoom.  (Reply at 1.)

      If it eventually turns out that Mr. Shkreli is unable
to meet deadlines in the FTC lawsuit that were ordered by Judge
Cote, that is ultimately an issue to be raised and resolved

before Judge Cote.   Indeed, in the FTC lawsuit, Mr. Shkreli

sought a stay of all discovery until he was released from

prison.   On January 8, 2021, Judge Cote denied Mr. Shkreli's

request. (*See* Case No. 20-cv-706 (DLC) (S.D.N.Y.), ECF No. 368,

Memorandum and Order.)   Judge Cote found that Mr. Shkreli had

failed to show "good cause" for a stay of the FTC lawsuit, in

part because he is represented "by a team of experienced and

able counsel from two law firms," and he "has at his disposal

several methods for communicating with his attorneys, including

sending and receiving legal mail, the availability of legal

visits for much of the time [the FTC lawsuit] has been pending,

unmonitored legal calls, and emails and calls over the [BOP's]

TRULINCS and TRUFONE systems." (*Id.* at 3-5.)   Judge Cote also

noted that "[d]espite invitations by the [BOP] to [Mr. Shkreli's

civil] counsel to schedule visits to meet with [Mr.] Shkreli,

his attorneys have not done so." (*Id.* at 5 n.2.)   This court

agrees with Judge Cote that although litigating from prison may

be more difficult, it is far from impossible, and Mr. Shkreli

has a sufficient number of options to confer with counsel such

that he will not be deprived of his constitutional rights if he

continues to serve his prison term.

          Mr. Shkreli also requests, in the alternative, that

this court "recommend that the BOP grant Mr. Shkreli unlimited

telephone and/or virtual meeting access to his attorneys

. . . ."  (Mot. at 1.)  Mr. Shkreli's request for additional access to his civil litigation team in order to defend himself in the FTC lawsuit would perhaps be more appropriately directed to the court in which that civil case is pending, rather than to the undersigned.  In any event, Mr. Shkreli is surely not the only inmate at FCI Allenwood Low who must speak to lawyers about ongoing legal matters, and the court is mindful that the BOP has already accommodated Mr. Shkreli beyond what is often provided to other inmates, and there may be a need to limit the number of inmates accessing the telephones or videoconference equipment at one time to mitigate the spread of COVID-19.  Accordingly, because the BOP must balance a number of considerations in granting access to the telephones and videoconference hardware, this court will not recommend "unlimited" telephone and videoconference access for Mr. Shkreli.  The court, however, encourages the BOP to continue to accommodate Mr. Shkreli's access to his counsel to the extent it can safely and fairly do so.

## III. Section 3553(a) Factors

Finally, upon a motion for compassionate release, the court must also consider the relevant sentencing factors under Section 3553(a).  This court previously found that all of the factors weighed against modifying Mr. Shkreli's sentence (*see* May 16 Order at 8-9), and now finds no basis to change its

11

assessment.  Mr. Shkreli committed fraud by intentionally deceiving investors.  Before his sentencing, he made disparaging remarks about the government and the sentencing process, and solicited an assault on a public figure by offering to pay money in exchange for strands of her hair.  The court considered these circumstances and the other relevant factors at the time of sentencing, and determined that a total prison sentence of 84 months was appropriate.  Mr. Shkreli has now completed approximately 40 months of that sentence, and nothing has changed since the court denied his first motion for release that compels a different result.

### Conclusion

For the foregoing reasons, Mr. Shkreli's motion is respectfully DENIED.  Mr. Shkreli has not made a showing of "extraordinary and compelling reasons" warranting a modification of his sentence, and all of the relevant sentencing factors weigh against a modification of his sentence.

**SO ORDERED.**

Dated:      January 16, 2021
            Brooklyn, New York

                              _____/s/_____ _____
                              **Hon. Kiyo A. Matsumoto**
                              United States District Judge
                              Eastern District of New York