

U.S. Department of Justice

United States Attorney
Eastern District of New York

AES:LDM:CSK
F. #2014R00501

271 Cadman Plaza East
Brooklyn, New York 11201

July 27, 2021

**By ECF**

Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Martin Shkreli
                    Criminal Docket No. 15-637 (S-1) (KAM)

Dear Judge Matsumoto:

      The United States respectfully submits this letter to advise the Court that the forfeiture money judgment ("Forfeiture Judgment") entered against defendant Martin Shkreli at his sentencing, in the amount of $7,360,450.00, has been satisfied with the proceeds of today's sale of the defendant's interest in the Wu-Tang Clan album, "Once Upon a Time in Shaolin" (the "Album"). This letter also addresses the two remaining assets owned by defendant Shkreli that are in the government's custody.

      As the Court is aware, the Album was one of five substitute assets (the "Substitute Assets") listed in both the Preliminary and Final Orders of Forfeiture (the "Forfeiture Orders") entered by the Court on or about March 5, 2018 and September 10, 2018, respectively.  (Dkt. Nos. 540, 680). [1]  The only other Substitute Assets in the government's custody, and from which it did not collect the Forfeiture Judgment, are:  (1) Shkreli's interest

---

[1] The government never seized or recovered any amount from the Substitute Asset listed as "the album 'Tha Carter V' by Lil Wayne."  See Preliminary Order of Forfeiture at ¶ 4(d).

in Phoenixus AG;[2] and (2) an engraving on paper by Picasso[3] (the "Picasso Engraving"). *See* Preliminary Order of Forfeiture at ¶ 4(b) and (e).

    In a proceeding pending in the U.S. District Court for the Southern District of New York (the "SDNY Proceeding"), petitioner Thomas Koestler seeks to collect a judgment entered against defendant Shkreli and, to that end, moved for the turnover and appointment of a receiver to liquidate defendant Shkreli's interest in Phoenixus. *Koestler v. Shkreli*, 16-CV-7175 (S.D.N.Y.) (Nathan, J.). As set forth in the letter filed in the SDNY Proceeding and in this case on April 9, 2021, the government had no objection to the proposed receivership, provided the then-outstanding balance on the Forfeiture Judgment was satisfied first from any liquidation of defendant Shkreli's interest in Phoenixus. At a hearing held on July 1, 2021, the Court in the SDNY Proceeding granted petitioner Koestler's motion for a turnover order and appointment of a receiver to liquidate defendant Shkreli's interest in Phoenixus. (SDNY Dkt. No. 80)[4].

    Given that the Forfeiture Judgment is now satisfied and the government has no further interest in the remaining Substitute Assets, the government will today file in the SDNY Proceeding the enclosed letter to advise the court of the status of the government's collection and the two Substitute Assets that remain in the government's custody. In light of the SDNY court's decision to grant the receivership of defendant Shkreli's interest in Phoenixus, the Phoenixus Shares may be made available to be turned over to the receiver, once appointed, and liquidated in a manner consistent with the SDNY court's orders. The parties in the SDNY Proceeding will also have an opportunity to consider whether the Picasso Engraving should be included in the liquidation of assets in that proceeding. Once the receiver is appointed and a decision is made whether to include the Picasso Engraving, the government will submit to the Court a proposed order for the release of the two remaining Substitute Assets to the receiver.

---

[2] Phoenixus AG, a closely held company located in Switzerland, was previously named Turing Pharmaceuticals AG and then Vyera Pharmaceuticals AG. In response to the Forfeiture Orders, and following his exhaustion of all appeals, defendant Shkreli turned over to the government a certificate for preference shares A in Turing Pharmaceuticals (the "Phoenixus Shares").

[3] While the Picasso Engraving was referred to as a "Picasso painting" in the Forfeiture Orders, it was subsequently determined to be an engraving.

[4] On July 15, 2021, Shkreli filed a motion for reconsideration of the court's decision to grant the receivership. (SDNY Dkt. No. 88). On July 19, 2021 the court denied Shkreli's motion for reconsideration. (SDNY Dkt. No. 93).

We thank the Court for its consideration of this letter.

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney

By:   /s/
Laura D. Mantell
Claire S. Kedeshian
Assistant U.S. Attorneys
(718) 254-6253/6051
Laura.Mantell@usdoj.gov
Claire.Kedeshian@usdoj.gov

Encl.

cc: All Counsel of Record (by ECF)