UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/16/21
```

THOMAS P. KOESTLER,

                              Petitioner,

-against-

MARTIN SHKRELI,

                              Respondent.

Civ. No. 16-cv-7175-AJN

ORDER

ORDER FOR TURNOVER AND
APPOINTMENT OF RECEIVER

       Petitioner/Judgment Creditor Dr. Thomas P. Koestler (the "Petitioner" or the "Judgment Creditor"), having been awarded a Judgment by this Court in the amount of $2,614,930 on February 6, 2017 (ECF #22) (the "Judgment"), against Respondent/Judgment Debtor Martin Shkreli ("Shkreli" or the "Judgment Debtor"), and having moved by order to show cause, pursuant to Fed. R. Civ. P. 69 and New York CPLR 5225 and 5228, (i) for an order requiring turnover of the stock the Judgment Debtor owns in Phoenixus AG ("Phoenixus," and as to the Judgment Debtor's ownership interest in Phoenixus, the "Phoenixus Stock") to a receiver to be appointed by this Court to be sold for the purpose of satisfying Judgment Debtor's Judgment to the Judgment Creditor in this case, (ii) for an order appointing such receiver, and (iii) for an order directing the Judgment Debtor to execute any documents and take such other steps as will be necessary to effect delivery of his Phoenixus Stock to the receiver and the sale of the Phoenixus Stock; and the Court having reviewed and considered the motion including the submissions by the Judgment Creditor, the Judgment Debtor and also by the United States

Attorney for the Eastern District of New York (the "U.S. Attorney") (at ECF #58 and #103) in connection with the criminal case in which the Judgment Debtor is a defendant known as *USA v. Shkreli*, 1:15-cr-00637-KAM (E.D.N.Y.) (the "Criminal Case") and in which case there is a forfeiture order entered against the Judgment Debtor, at its ECF # 680 (the "Forfeiture Order"), which the U.S. Attorney indicated at ECF #103 has been satisfied as of July 27, 2021, and the Court finding good cause for the relief sought and the relief granted herein,

**IT IS ORDERED** that Petitioner's motion is granted as follows:

1. Derek C. Abbott is appointed as receiver in this case on the terms set forth in this Order (the "Receiver") to collect the Phoenixus Stock owned by the Judgment Debtor in Phoenixus and to sell that stock so as to satisfy the Judgment to the Judgment Creditor in this case with such interest and any other costs or amounts to which the Judgment Creditor is entitled.

2. The Receiver shall pay the proceeds of the sale of the Phoenixus Stock (i) first to pay any amounts owed to the Receiver as allowed herein or otherwise by the Court and (ii) next to pay the amount owed to the Judgment Creditor in this case with such interest and any other costs or amounts to which the Judgment Creditor is entitled; with any amounts or other property remaining after such sale to be remitted to the Judgment Debtor by the Receiver, subject to any further Order of this Court or of any other Court of competent jurisdiction.

3. The U.S. Attorney shall, in accordance with its proposals and representations to this Court at ECF #58 and #103, promptly upon entry of this Order apply by motion or other application to the Court in the Criminal Case to release or modify the Forfeiture Order permitting the release of the Judgment Debtor's Phoenixus Stock and any other assets of the Judgment Debtor to the Receiver for the purposes directed in this Order

(without relieving or seeking relief for the Judgment Debtor from any other obligation under the Forfeiture Order as to the Phoenixus Stock or in any other respect as he may have in the Criminal Case), and shall upon entry of such Order arrange delivery of such assets to the Receiver, and the Judgment Debtor is ordered to take such steps as are necessary, including the execution of any documents or any other steps necessary, to permit and effectuate the delivery of the Phoenixus Stock to the Receiver for sale, to permit and effectuate sale of the Phoenixus Stock as allowed and directed in this Order and to permit and effectuate the delivery of any other asset of the Judgment Debtor to the Receiver as directed in this Order. The Petitioner/Judgment Creditor shall have a lien and priority interest under and in accordance with NY CPLR 5234 in the Phoenixus Stock and any other assets turned over to the Receiver pursuant to this Order.

4. Until the Judgment Debtor has satisfied his obligations to the Judgment Creditor, or to the Receiver or otherwise under this Order, any and all assets or property of the Judgment Debtor other than the Phoenixus Stock which are subject to the Forfeiture Order, including those assets actually held by the Government and/or the U.S. Attorney in accordance with the Forfeiture Order as well as any others, shall be turned over to the Receiver to be held subject to further order of this Court and shall not be returned to the Judgment Debtor until such further Order of this Court (but shall not be sold by the Receiver without further order of this Court).

5. The Receiver shall liquidate the Phoenixus Stock using his experience in and knowledge of similar financial transactions and his knowledge of the pharmaceutical industry. The Receiver shall apply to the Court for prior approval of any transaction involving the Phoenixus Stock.

6. The Receiver will be entitled to reimbursement of his necessary expenses from the work he performs pursuant to this Order and to a commission in the amount of up to 5% of the amounts he receives and disburses upon further application to this Court at the time of any transaction or at the conclusion of the Receivership.  The Receiver may retain counsel to assist with legal matters necessary to the performance of his duties under this Order with the reasonable expenses of counsel to be paid among the necessary expenses for which the Receiver may be reimbursed.  If the Receiver is affiliated with a law firm, the Receiver shall not employ that law firm as counsel and any law firm employed by the Receiver shall not be compensated for any work the Receiver could have done without counsel.  To the extent that the Receiver employs counsel, he shall obtain monthly statements from counsel and promptly upon receipt provide a copy of the statements to the Court under seal and a copy to the Judgment Creditor's counsel (which the Judgment Creditor and his counsel shall not disclose to anyone except upon further order of this Court).

7. The Receiver shall execute an oath in accordance with New York CPLR 6402 promptly upon the entry of this Order.  The Receiver shall not be obligated to provide an undertaking in accordance with New York CPLR 6403, but shall be required to maintain accounts in accordance with New York CPLR 6404.

8. The Receiver is appointed for a period of six months from the date of this Order, and the Judgment Creditor or the Receiver may apply for an extension of that period of time by letter application setting forth good reason for such extension.

9. The relief granted in this Order is without prejudice to any rights or remedies of any party, person or entity except to the extent expressly addressed in this Order.

10. This Court will retain jurisdiction over any matter relating to the Receivership after it ends including any claim raised by any person or party against the Receiver relating to the Receivership.

SO ORDERED.

Dated: August 16, 2021
       New York, New York

                                          ALISON J. NATHAN
                                       United States District Judge

5